By the Court, E. Darwin Smith, J.
The objection that the jury was not properly empanneled, I think entirely untenable. After the regular panel was exhausted there was no legal way to fill up the jury, except by drawing, as was done in this case, from the town box, of persons of the town of Canandaigua, according to the provisions of the act of 1861, section two, chapter 210. That act repeals all other provisions of law for securing a jury after the regular panel is exhausted, and applies to all courts of record where jury trials are had in this State ■—to courts of Oyer and Terminer as much as to civil courts. The act applies in terms to all courts, and I see no ground for excepting criminal courts. The jury was properly drawn and pronounced. When a sheriff is directed to summon a jury, he may do it himself, or direct it to be done by constables or deputies, as was done in this instance. It is, in legal effect, done by the sheriff when it is done under his direction and authority by any subordinate officer. The sheriff in this case made the proper return that he had duly summoned the jury as directed by the order of the court.
The objections to the indictment are not well taken. The misjoinder of crime, in some of the counts for which the defendant was not jointly liable to be convicted, was *648 obviated by the quashing of those counts at the trial, as it was admitted in the argument to have been duly done.
The conviction and sentence I think entirely right. I can see no error in these particulars. The jury was entitled to render a general verdict, and this we must hold to have been upon the higher offense charged in the indictment and for which the prisoner was tried. The sentence was the proper sentence under the statute for burglary in the first degree.
The objection that it does not appear by the return and record that the prisoner was arraigned, or plead to the indictment, or was present at any time during the trial, is not well founded. It is distinctly stated that he pleaded to the indictment, which implies an arraignment, and it also appears that he, by his counsel, objected to the exercise by the district attorney of the right to challenge a juror, and it is also stated that the “ prisoner, in due form of law, challenged the array of the jurors.” This is not stated to have been clone by counsel; and the objection that it does not appear that the prisoner, after conviction, was asked why sentence should not be passed upon him, is, I think, not well founded. Such an objection has been held to be valid in capital cases, but not in felonies or misdemeanors. There is now no reason in this objection, since exceptions are allowed in criminal cases, and prisoners on trial for criminal offenses are allowed counsel who are capable of attending to their interests and making such motions in arrest of judgment, or otherwise, as may be proper. 1 think, also, in regard to such mere formal questions it should be implied in a court of review, in the absence of any statement, objection or exception upon the record on the subject, that the usual formalities in such case had been duly complied with according to established and uniform practice in criminal trials. I think no error occurred in the court below, and that the judgment should be affirmed. [Judgment affirmed.