By the Court, E. Darwin Smith, J.
Before exceptions were given in criminal cases it had become the practice in this State, of Courts of Oyer and Terminer and General Sessions and other inferior courts having criminal jurisdiction, to suspend sentence after conviction, when difficult or important questions of law had arisen upon the trial, and ask the advice of the Supreme Court in respect to such questions. The practice was sanctioned by this court, and such advice was given as though applied for in due legal form. (6 Cowen, 556.) In the Revised Statutes of 1830, exceptions were given in criminal cases as in civil, with the writ of certiorari, to bring up for review questions of law made and decided at the trial which obviously dispensed with the necessity of such practice, and it has since in a great degree fallen into disuse. But applications of this kind have nevertheless been made and entertained in some instances since the revision of the statutes in 1860. Such was the case of The People v. Wright (9 Wend., 193); The People v. Stearne (21 ib., 409); *655 The People v. Cummings, 3 Park. Cr. Rep., 343), and though I think the court would be entirely justified in declining now to give such advice, and leave the parties to their writ of error or certiorari upon the exceptions taken at the trial, I am not aware that the court has in any instance refused to entertain such application when duly made at the. instance of any inferior court. The papers before us upon this application, show that this case has been once before us upon certiorari and exceptions, and that the conviction was affirmed by this court, and the case remitted to the Court of Sessions, with directions to carry the conviction into effect by the proper sentence of the prisoner. The counsel for the prisoner, it now appears from the certificate of the Court of Sessions, moved in that court in arrest of judgment, on the ground that the indictment contained two counts, one for larceny, and the other for receiving stolen property, knowing it to have been stolen, and the jury having found a general verdict of guilty, it is impossible (it was urged) for the court, without an arbitrary selection, to determine the proper judgment to be pronounced. The inquiry addressed to this court is, whether the motion in arrest ought to be granted. Motions in arrest of judgment can only be made for matters appearing on the record. (1 Chitty Crim. Law, 661; Wharton’s American Crim. Law, 3043; 1 Archbold Crim. Plead., 671.)
Any objection which would be fatal on demurrer, will be equally so on motion in arrest of the judgment after verdict. (Chitty, 662; People v. Wright, 9 Wend., 196.) The joinder of the two counts in this case for larceny, and for the receiving of stolen property, knowing it to be stolen, would not have been bad upon demurrer. In this State, the joinder of such counts I think has been ever allowed in a single indictment, and where an offense comprises different degrees, is expressly authorized by statute. (2 Rev. Stat., 751, § 51.)
*656 In Wharton’s American Crim. Law (§ 402), it is said that in England, as well as in this country, the correctness of the joinder of larceny with receiving stolen goods, may be considered as established. When offenses of the same nature, and for which the same or similar judgments may be given, are stated in different counts of the same indictment, an objection to such indictment on that ground cannot be sustained in error or on demurrer, or in arrest. (Wharton, § 415; 5 Met., 582; 8 Wend., 204; People v. Kane, Archbold, 308.) But the motion in arrest is not limited to the indictment, but may be made upon the whole record, which includes the verdict. And the motion in this case is chiefly based upon the fact that the verdict is a general one, not applied by the jury to either count of the indictment, and that it is, therefore, “ impossible for the court, without making an arbitrary selection, to determine the judgment to be pronounced,” and this presents the chief apparent difficulty with the Court of Sessions. If the offenses charged in the indictment were really distinct and separate offenses, relating to different transactions, and subjecting the offender to different kinds of punishment, the difficulty which embarrassed the court below would be a real one, and the objection to award of judgment upon the conviction, I think, would be insuperable. ( U. S. v. Peterson, 1 Woodbury, 321, and 1 McCloud, 257; State v. Montaigne.) But it is a mistake to regard the offenses charged in this indictment as separate and distinct offenses within the true intent and meaning of the phrase. They are really different phases, or parts or degrees of the same offense. The judges of the Court of Sessions, upon their certificate, upon which our advice is asked, certify that the evidence offered on the trial was of one transaction, and that both such counts and such verdict relate to one transaction, and they also say “ that said indictment was found by the grand jury on account of, and out of the same transaction, and for the purpose of meeting the evidence *657 of the case in relation thereto.” It seems to me that this certificate presents the precise case so well described by the Chancellor, in Kane v. The People (8 Wend., 211), in these words: “It is every-day practice to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out upon the trial; each bf the counts on the face of the indictment purports to be for a distinct and separate offense, and the jury very frequently find a general verdict on all the counts, although only one offense is proved; but no one ever supposed that formed a ground for arresting the judgment.” In such case, a general verdict of guilty implies a conviction of the greater offense, which includes the less. Every larceny includes, or may include a concealment of the stolen property. The punishment upon a conviction for grand larceny may be imprisonment in a State prison for a term not less than two nor exceeding five years. For the crime of concealing stolen property, it may be imprisonment for five years or less, down to one day’s imprisonment in the county jail. When an offense consists of different degrees, the jury may convict upon any count, but if they convict of an inferior degree, they must say so in their verdict. In this case, the bill of exceptions before us, shows that the prisoner had at one time possession of the stolen property, and sold the same. The jury might, iipon this evidence, have convicted him of receiving the stolen property under the second count, and this would have been equivalent to an acquittal upon the first count, charging him with the larceny. As they did not thus render their verdict finding him guilty on such second count, they must be deemed to have found him guilty of the larceny. This is the meaning of their verdict. It is well settled that when there is a general verdict of guilty, upon several counts relating to the same transaction, the practice is to pass judgment on the count charging the highest grade of offense. (Wharton, § 3048; Manly v. The State of Maryland, *658 7 Maryland Rep., 135; State v. Hooker, 17 Vermont, 668; State v. Donnee, 8 ib., 424; United States v. Peterson, 1 Woodbury Rep., 305.) This question was before us on a former occasion in the case of The People v. McGeery, convicted of burglary in the Ontario Oyer and Terminer. The indictment contained quite a number of counts, all relating to the same transaction, and the verdict was a general one of guilty. The prisoner was sentenced for the highe.st grade of the offense charged in the indictment, and we held it right, and affirmed the judgment upon error. We think in this case that the verdict of guilty must be deemed a verdict for the larceny charged in the first count, and that the offense charged in the second count is to be deemed an inferior degree of the same offense, and merged in the same, and advise the General Sessions .of the county of Livingston to sentence the prisoner accordingly.