The People of the State of New York, Plaintiff in Error, *v.* Robert Dunn, Defendant in Error.

As to whether where an indictment charges two separate and distinct misdemeanors, different in their character and punishable in a different way, the prisoner has a right to put the prosecutor to his election, or to require that the jury shall convict of one only of the misdemeanors charged, *quære.*

The question, however, must be presented by a request in some manner on the trial on the part of the prisoner for such an election or verdict.

An indictment contained five counts, the first three charging one kind of misdemeanor, the last two charging another of a different character and punishable differently. On the trial, the prisoner objected to any evidence being given to sustain the first count, on the ground among others that the indictment charged two separate and distinct offenses, and, also, objected to any evidence being given to sustain any of the counts, on the ground that there was a misjoinder of offenses. *Held,* that the objections

were simply to the sufficiency of the indictment and were properly overruled ; that they did not raise the question as to the prisoner's rights under the indictment.

Defendant's counsel requested the court to charge " that if they should believe the defendant guilty on any count in the indictment, and entertain a doubt as to which they should convict on, they should find him guilty of the lesser offense, which is the fifth count." The court refused so to charge, but in substance charged that the jury might convict of one misdemeanor, and acquit as to the other, or convict of both, in which case a general verdict was proper. Said counsel excepted to the refusal, but did not except to the charge made. *Held*, that this exception did not present the question as to the propriety of a general verdict

*Dunn* v. *People* (27 Hun, 272), reversed.

(Argued June 29, 1882 ; decided October 10, 1882.)

Error to the General Term of the Supreme Court, in the first judicial department, to review order made May 27, 1882, which reversed a judgment of the Court of General Sessions of the Peace, in and for the city and county of New York, the nature of which, as well as the material facts, are stated in the opinion. (Reported below, 27 Hun, 272.)

The trial was had in February, 1881.

*John Vincent* for appellant. The several counts in the indictment were all for misdemeanors, arising out of one transaction, and therefore properly included in one indictment. (*People* v. *McGeery*, 6 Park. 653 ; *People* v. *Bruno*, id. 657.) The sentence imposed by the court was within the penalty fixed by statute for the offense charged in the first count of the indictment. (3 R. S. [7th ed.], chap. 20, p. 1965.) The fact that the court limited the sentence to the first count of the indictment negatives the assumption that a cumulative sentence was imposed, or that the sentence in any manner relates to the fifth count. (3 R. S. [7th ed.], chap. 20, p. 1965.)

*Peter Mitchell* for respondent. The first count of the indictment is defective because it did not contain the averments which were indispensable to bring the case within the provisions of the statute. (4 R. S. [Edmund's 2d ed.] 40, § 2 ; *Peo-*

*ple* v. *Allen*, 5 Denio, 75; *Wood* v. *The People*, 53 N. Y. 511; *United States* v. *Cruikshank*, 2 Otto [U. S. Sup. Ct.], 542; *Markle* v. *The State*, 3 Ind. 535; *People* v. *Taylor*, 3 Denio, 91.) Evidence tending to prove a crime insufficiently pleaded in an indictment is proper. (*Hope* v. *The People*, 83 N. Y. 424.) The court erred in permitting any evidence to be given (at the trial) tending to sustain any of the counts in the indictment, for the reason that there was a misjoinder of the offenses charged. (*Norvell* v. *The State*, 50 Ala. 178; *People, ex rel. Tweed*, v. *Liscomb*, 60 N. Y. 579; *Templeton* v. *The People*, 3 Hun, 361.) It was within the province of the jury to have found the defendant guilty of the lesser offense, to-wit: guilty as charged in the fifth count, provided they entertained a reasonable doubt of the defendant's guilt as charged in the first count in the indictment. (*Dedien* v. *The People*, 22 N. Y. 184; *The People* v. *Jackson*, 3 Hill, 92; *Palmer* v. *The People*, 5 id. 427; *Commonwealth* v. *Webster*, 5 Cush. 320; 3 Greenl. on Ev. [Redfield's 8th ed.], § 29.) The defendant has not been brought within all the material words of the statute, either by the indictment or proof. (*Wood* v. *The People*, 53 N. Y. 514; *People* v. *Townsend*, 3 Hill, 479; 3 Greenl. on Ev., § 10; 2 Leach, 594; *People* v. *Allen*, 5 Denio, 76.) In order to bring the accused within the provisions of the statute relating to lotteries, and subject him to its penalties, he must be shown to have offended against both its spirit and its letter. (*The State* v. *Sykes*, 28 Conn. 228.)

FINCH, J. The conviction of the prisoner was reversed by the General Term upon the ground that the indictment charged, and the trial proceeded upon two separate and distinct misdemeanors, different in their character, and not punishable in the same manner, and that a general verdict on all the counts was permitted without selection by the prosecutor or conviction by the jury of one only of the offenses joined. For this reason a new trial was ordered, and the further investigation of the prisoner's guilt directed to be confined to either the first three, or the last two counts of the indictment; that is, to one or the

other of the two offenses charged. The doctrine of the decision is that while the indictment is not bad by reason of the joinder in it of such separate misdemeanors, yet, upon a trial under it, the prisoner has a right to put the prosecutor to his election, or to require that the jury shall convict of one only of the misdemeanors charged, and shall not be allowed to render a general verdict covering both.

That the indictment was not bad, as the law stood at the trial, because of the joinder of separate and distinct misdemeanors, although followed by penalties different in kind and degree, and that a general judgment upon it is good where the sentence is single, and is appropriate to either of the counts upon which the conviction was had, has been recently decided by this court. (*Polinsky* v. *The People*, 73 N. Y. 66.) In that case there were no exceptions, but a plea of guilty, which was equivalent to a general verdict of guilty on all the counts in the indictment. The writ of error presented, as the only possible questions, the sufficiency of the indictment and the validity of the sentence. Both were sustained, although, of the three counts in the indictment, one was for an offense punishable by both fine and imprisonment, and one by fine alone, except the usual penalty for non-payment. It follows necessarily that unless the prisoner in such case in some manner requests either an election by the prosecutor, or a verdict for but one offense, he does not raise the question in any effectual manner, for an objection to the indictment or to the sentence pronounced are each in vain. (*Hawker* v. *People*, 75 N. Y. 487.)

That difficulty exists in this case, and makes unnecessary any consideration of the doctrine advanced. The first of the two prevailing opinions given at General Term holds that the prisoner, by objecting to any evidence being given to sustain any of the counts of the indictment "because it embraced two offenses for which very different punishment was declared," did "enough to protect him." We do not think so. At the commencement of the trial the prisoner's counsel objected to "any evidence being given to sustain the averments in the *first count* in the indictment upon five distinct grounds, four of

which respected its form and sufficiency standing by itself, and the fifth only referred to the pleading of separate misdemeanors. This objection assailed the first count as bad because it was "*in an indictment*" which contained two separate and distinct offenses, punishable differently; and was followed by a further objection " to any evidence being given to sustain any of the counts in the indictment on the ground that there was a misjoinder of offenses," naming them. The objection here is distinctly taken to the sufficiency of the indictment. It pronounces it bad because it charges separate and distinct misdemeanors. The objection was not well taken, and was properly overruled, irrespective of the mode adopted for attacking the sufficiency of the indictment. And that objection is very far from raising the further question, how, assuming the indictment to be good, the prisoner should be tried under it, and what his remaining rights were.

But it was still possible at the close of the case to ask the court to confine the verdict of the jury to one of the two offenses charged. A refusal, or a direction to render a general verdict, duly excepted to by the prisoner, would again have raised the question. But what transpired was something very different. The defendant's counsel asked the court to charge the jury " that if they should believe the defendant guilty on any count in the indictment, and entertain a doubt as to which they should convict on, they should find him guilty of the lesser offense, which is the fifth count." That was the request, somewhat novel and peculiar, and the only request made. The court said : " I am going to charge the jury that the verdict may be on any one or on all four counts in the indictment." To this announcement there was no exception, nor was any taken to the charge itself, made according to the promise. On the contrary the prisoner's counsel repeated his request in identical terms, and the court answered " no : I refuse to charge, except as I will charge in reference to the fifth count," and the prisoner's counsel said, " to that I except." This exception could reach nothing but the refusal to charge as requested, and brings up for review only that refusal. The question whether the

jury should be told to confine their verdict to one of the two offenses charged was not even hinted at, but an entirely different question was persistently pressed.

We have thus stated all the exceptions taken on behalf of the prisoner relating even remotely to the separate misdemeanors presented for trial at the same time. The first respected the sufficiency of the indictment and not the mode of trial under it and was not well taken. The second related only to a possible doubt in the minds of the jury as to which count they should hold proved. Nowhere was the question raised that a general verdict would be improper.

And not only was this question not raised, but the charge of the court to the contrary was heard in silence and without exception. The jury were told that they could find the defendant guilty "under any particular count," and not guilty under the others, or "a general verdict of guilty or not guilty under the four counts," as they should think the evidence warranted. They were told again, that the prisoner was entitled to the benefit of any reasonable doubt, but if that did not exist, it was their duty to render a verdict against him "on whichever count or on all the counts of the indictment" as they should think the evidence warranted. Practically, therefore, they were told that they might convict of one misdemeanor and acquit as to the other, or find the prisoner guilty of both, in which case they should render a general verdict. They rendered such verdict. They, therefore, found the prisoner guilty of both misdemeanors, and he was punished for the graver of the two alone. (*People* v. *McGeery*, 6 Park. 653 ; *People* v. *Bruno*, id. 657. ) To this charge there was neither objection nor exception. It was acquiesced in and treated as correct and satisfactory. No wrong was done the prisoner unless by the bare fact that he was tried and convicted at the same time of two distinct misdemeanors, of the same general character, and originating out of the same transaction, but punished for only one. If that was error, which we do not here determine, the right of the court to do so was not challenged by any objection relating to the conduct of the trial in that respect. The sufficiency of

the indictment as a pleading was alone assailed, and that having been held to be good, and we think correctly, no motion or request of any kind to confine the trial under it to one of the offenses charged was made, and no exception taken to the manner in which the jury were directed to conclude upon their verdict.

We have carefully examined the other alleged errors argued on behalf of the prisoner, and do not think they are sufficient to justify the reversal, which was put solely upon the ground we have above stated.

The order of the General Term should be reversed, and the judgment of the General Sessions affirmed.

All concur, except MILLER, J., who does not vote.

Judgment accordingly.