THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* MARTIN O'DONNELL, APPELLANT.

*Indictment — is demurrable if it charges more than one crime — Code of Criminal Procedure, secs. 278, 279, 323, sub. 3 — 1857, chap. 628, secs. 13, 14 — what is a sufficient judgment, under section 485 of the Code of Criminal Procedure, stated.*

The indictment in this action, charging the defendant with selling strong and spirituous liquors in quantities less than five gallons at a time to be drank on his premises, without having a license therefor, alleged sales made by him on March 1, 1885, at the town of McDonough, Chenango county, N. Y., to several persons named; also sales at the same place, August 26, 1885, to certain other persons named; also sales made on the 12th day of September and on the 28th of July, 1885, at the same place, to still other persons named in the indictment.

*Held,* that the indictment charged more than one crime inasmuch as it charged an illegal sale of spirituous liquors on four different occasions and to different people; that it was demurrable on that ground, and that the court erred in overruling

such demurrer. (Follett, J., dissenting, but holding that the demurrer should be sustained because the indictment charges a violation of the thirteenth section of chapter 628 of 1857, and also violations of the fourteenth section thereof, which are clearly distinct misdemeanors.)

The appeal-book in this case showed that the defendant was permitted to withdraw his plea of not guilty, and that he demurred to the indictment; that his demurrer was overruled; that he was convicted and sentenced to pay a fine of seventy-five dollars and stand committed to the county jail, not exceeding seventy-five days, until paid.

*Held*, that this was a sufficient judgment within the provisions of section 485 of the Code of Criminal Procedure, which provides what the judgment-roll shall contain.

APPEAL from a judgment of the General Sessions of Chenango county, convicting the defendant of selling strong and spirituous liquors in quantities less than five gallons at a time, to be drank on his premises, without a license.

*John W. Church*, for the appellant.

*George P. Pudney*, for the respondent.

MARTIN, J.:

The question involved in this action arises upon a demurrer to an indictment against the defendant for selling strong and spirituous liquors in quantities less than five gallons at a time, to be drank on his premises, without having license therefor. The demurrer was on the ground that more than one crime was charged in the indictment. The indictment alleged sales by the defendant on March 1, 1885, at the town of McDonough, Chenango county, N. Y., to several persons named; also, sales at the same place August 26, 1885, to certain other persons named, and sales made on the 12th day of September and on the 28th day of July, 1885, at the same place to still other persons named in the indictment.

Before the enactment of the Code of Criminal Procedure an indictment was not bad, because of the joinder of separate and distinct misdemeanors, although followed by different penalties, and a general judgment upon it was good where the sentence was single and appropriate to either of the counts upon which a conviction was had. (*People* v. *Dunn*, 90 N. Y., 107.) But the Code of Criminal Procedure provides that the indictment must charge but one crime and in one form, except the crime may be charged in separate counts to have been committed in a different manner or by different means, and when the acts complained of may constitute

different crimes, such crimes may be charged in separate counts. (Code Crim. Pro., §§ 278, 279.) Even since the adoption of the Code, when the act complained of may constitute different offenses, such offenses may be charged in separate counts of the indictment. (*People* v. Infield, 1 N. Y. Crim. R., 146; *People* v. *Kelly*, 3 id., 272.) So an indictment containing varying allegations in different counts as to the manner and means of the commission of the crime, but which shows, upon its face, that those counts relate to but one and the same transaction, is good. (*People* v. *Cole*, 2 N. Y. Crim. R., 108.) The indictment may also state the acts, constituting the crime in different counts, appropriate to meet the evidence which may be presented on the trial. (*People* v. *Menken*, 3 N. Y., Crim. R., 233.)

In the case at bar the indictment charged the illegal sale of spirituous liquors on at least four different occasions, and upon each occasion to entirely different persons. Each of these charges is made as an independent charge or count in the indictment. The indictment not only does not show upon its face that these separate counts related to the same transaction, but does show quite conclusively that each was a separate and distinct transaction. This indictment was, we think, obnoxious to the objection that it charged more than one crime. This view is sustained by the case of the *People* v. *Upton* (4 N. Y. Crim. R., 455). In that case the indictment, in separate counts, charged the defendant, an officer of a bank, with the offenses of overdrawing his account in different amounts and upon different dates. It was there held that the indictment was subject to the objection that it charged more than one offense, and was in violation of the prohibition of section 278, and for that reason was demurrable. It is true, it was held in that case, that the defendant had waived the misjoinder by his appearance and plea of not guilty. In this case the plea of not guilty was withdrawn and the objection was raised by demurrer, as provided by section 323, subdivision 3, Code of Criminal Procedure. The indictment in that case was for a misdemeanor. (Penal Code, § 600.) The crimes charged in the indictment in this case are also misdemeanors. We are of the opinion that the indictment in this case charged more than one crime, that it was demurrable on that ground, and that the court erred in overruling such demurrer.

The people, however, contend that no judgment has been entered in this action, and therefore that an appeal will not lie, and cite the case of *People* v. *Beman* (22 Hun, 283) to sustain that contention. The appeal book in this case shows that the defendant was permitted to withdraw his plea of not guilty, and that he demurred to the indictment; that his demurrer was overruled; that he was convicted and sentenced to pay a fine of seventy-five dollars, and stand committed to the county jail not exceeding seventy-five days, until paid. This was, we think, a sufficient judgment within the provisions of section 485, Code of Criminal Procedure, which provides what the judgment-roll shall contain. The Beman case was quite unlike this. In that case the demurrer was overruled and judgment directed to be given for the people, unless the defendant should plead over. And it was there held that there being no judgment, the decision overruling the demurrer could not be reviewed.

For the error above pointed out the judgment and conviction should be reversed and the prisoner discharged.

HARDIN, P. J., concurred.

FOLLETT, J.:

I cannot concur in holding that this indictment is demurrable because it charges that defendant made divers sales to divers persons on different occasions, in violation of section 14 of chapter 628 of the Laws of 1857. In that respect the indictment charges but one misdemeanor, to wit, the selling of liquor to be drank on defendant's premises without a license. (*People* v. *Adams*, 17 Wend., 475; *Osgood* v. *The People*, 39 N. Y., 449.) Under such an indictment, if it be established that defendant violated section 14 by selling to divers persons, on different occasions, but a single punishment can be imposed. (*People ex rel. Tweed* v. *Liscomb*, 60 N. Y., 559.) But for another reason the demurrer must be sustained. It is a misdemeanor to sell strong or spirituous liquors or wines, in quantities less than five gallons at a time, without having a license therefor. (Laws 1857, § 13, chap. 628; *Foote* v. *The People*, 56 N. Y., 321.) It is also a misdemeanor to sell strong or spirituous liquors to be drank in the vendor's house or shop, or any out-house, yard or garden appertaining thereto, without having a license therefor. (Laws 1857, chap. 628, § 14; *Jefferson* v. *The People*, 101 N. Y., 19.) These sections

describe different acts; the thirteenth, selling; the fourteenth, selling for a specified purpose; and the acts constitute distinct misdemeanors. (*Huffstater* v. *The People*, 5 Hun, 23.)

The indictment contains five counts. The fourth count charges that, July 28, 1885, the defendant violated the thirteenth section of chapter 628 of the Laws of 1857, by selling to divers persons spirituous liquors by the small measure. The other counts charge that, March 1, 1885, July 28, 1885, August 26, 1885, and September 12, 1885, the defendant violated the fourteenth section of said chapter by selling to divers persons, on each day, spirituous liquors to be drank on his premises.

Sections 278 and 279 of the Code of Criminal Procedure provide that (§ 278): "The indictment must charge but one crime and in one form, except as in the next section provided." (§ 279): "The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." These sections are not limited in their application to indictments for felonies; and the rule existing before the Code, that several misdemeanors might be joined in the same indictment, when the same judgment was appropriate for all, was abrogated by the sections above quoted. (*People* v. *Upton*, 38 Hun, 107; S. C., 4 N. Y. Crim. R., 455.) The demurrer must be sustained because the indictment charges a violation of the thirteenth section, and violations of the fourteenth section, which are clearly distinct misdemeanors.

The judgment of the Court of Sessions should be reversed, and the demurrer allowed. More than two years having elapsed since the commission of the alleged misdemeanors, the defendant cannot be reindicted (Code Crim. Pro., § 142, as amended by chap. 412 of 1887), and he must be discharged and his bail exonerated. (Code Crim. Pro., § 328.)

Judgment reversed and prisoner discharged.