(7 App. Div. 535)       PEOPLE v. SLATTERY.

. SAME v. KERNS. '

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

CRIMINAL LAW—HARMLESS ERROR.

Defendant is not prejudiced by the fact that the indictment improperly charged two crimes, and the verdict was "guilty as charged in the indictment," where a single sentence was imposed, which might have been imposed for either crime, and there was evidence that one of the crimes charged had been committed.

Appeal from court of sessions, Monroe county. ·

Michael Slattery and Edward Kerns were convicted of grand larceny, and appeal. Affirmed.

They were jointly indicted, and took separate trials. The indictment upon which they were respectively tried contained two counts,—one for grand larceny in the second degree, and the other for feloniously receiving the same property with which they were charged with stealing in the first count of the indictment, knowing it to be stolen. The first count charged that on the 11th day of July, 1894, the defendants in the indictment took from the person of one Horace Jeffords the sum of $12. On the 6th of March, 1895, the defendants were arraigned upon an indictment in the court of sessions in Monroe county; and on the same day the indictment was moved for trial at that court before a jury, and in each case the jury returned a verdict of guilty. Each defendant subsequently made a motion for a new trial, which the court denied; and on the 13th day of March, 1895, the defendant Kerns was sentenced by the court to be confined in the Monroe County Penitentiary for the term of three years. The defendant Slattery was sentenced to imprisonment in Auburn State's Prison for five years. The testimony given by the complainant, Jeffords, was substantially as follows: That on the 11th day of July, 1894, he met the defendant Michael Slattery in a saloon on Stone street, in the city of Rochester. Slattery said he knew where Jeffords could make a trade for his pony and get five dollars, and Jeffords said he would give him half. Then the parties got into a wagon. Slattery drove the horse. They went to the southwestern part of the city; turned into a vacant lot. Jeffords asked Slattery what he was going to do there. Slattery reached over and took him by the coat, and said, "All I want of you is your money." And Jeffords continues: "I told him to let go. He hung to my left arm. Kerns grabbed me by the right arm. The first that I saw of Kerns was when he grabbed me by the arm. They dragged me perhaps half a rod, and kept putting their hands in my pocket, and pulled out my pocketbook. Slattery said,'If you holler or make any noise, we will kick your brains out.' They threw me down, and when I got up they were not a rod from me, and Slattery said, 'We have got quite a bundle.' I had about twelve or fifteen dollars in my pocketbook, which they took." Each defendant was sworn in his own behalf, and denied the transaction in the vacant lot; and gave some evidence tending to show that he was not at the place where the robbery occurred. There was not a particle of evidence in the case (and the record before us assumes to contain all of the evidence on both trials) that either of these defendants received any money or thing knowing it to be stolen, and it appears

conclusively that the defendants were either guilty of the transaction detailed in Jefford's evidence above given, or not guilty at all. Upon the trial of Slattery, there was no motion to discharge the defendant from the second count in the indictment, or any request to the court to charge the jury that he could not be convicted upon that count, and the attention of the trial court was in no manner called to any such matter; and the learned trial judge charged the jury, in substance, that if they convicted the defendant Slattery they must find him guilty upon the first count of the indictment. In the case of Kerns, however, when the people rested the counsel for the defendant moved that, so far as the second count in the indictment was concerned, the defendant be discharged, upon the ground that there is no evidence tending to show that he received stolen property. This motion was denied by the court, and the defendant excepted. The court, in its charge to the jury in that case, did not eliminate the question of the second count from the jury, in terms; but the whole effect of the charge, in reviewing the evidence, was applicable to the first count alone, and there was no suggestion in the charge, specifically, that Kerns could be convicted upon the second count,—that is, of receiving stolen property. But the jury came into court and rendered a verdict of "Guilty as charged in the indictment." The verdict in the case of Slattery was a general verdict of guilty. The court, in sentencing Slattery, stated that he sentenced the defendant upon the first count of the indictment.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

H. B. Hallock, for appellants.
S. J. Warren, Asst. Dist. Atty., for the People.

WARD, J.   These appeals were argued together, and will be considered together. The case of the appellant Slattery discloses no error. The serious question which arises in the Kerns case was in no manner presented to the trial court, nor does any exception from that appellant bring any erroneous ruling before us. The practice in criminal cases, prior to our present system under the Code of Criminal Procedure, permitted the joinder of a count for larceny with a count for receiving stolen property, knowing it to be stolen, in the indictment. People v. Baker, 3 Hill, 159; Hawker v. People, 75 N. Y. 490; People v. Bruno, 6 Parker, Cr. R. 664.   Under our present system the indictment must charge but one crime.   Code Cr. Proc. § 278.   Grand larceny and the crime of receiving stolen goods, knowing them to have been stolen, are separate, distinct, and independent offenses, requiring different kinds of proof.   People v. Brien, 53 Hun, 496, 6 N. Y. Supp. 198. If more than one crime is charged in the indictment, the defendant may demur to the indictment for that reason. Code Cr. Proc. §§ 323, 331.   If the objection is not taken by demurrer, it is waived.   Id. §§ 323, 331.   People v. McCarthy, 110 N. Y. 309, 18 N. E. 128; People v. Upton, 38 Hun, 107.   Upon the trial, however, if there is no evidence to support one or more of the counts in the indictment, the defendant may raise that question by a motion to discharge the defendant from the charge contained in such count, or move the court that the jury be charged to render a verdict of not guilty thereon. The refusal of the court in either case, if excepted to, may be reviewed upon appeal. The exception of the defendant Kerns upon the close of the defendant's evidence, above referred to, presents a serious question for our consideration.

Grand larceny in the second degree is punishable, by section 534

of the Penal Code, by imprisonment for a term not exceeding five years. By section 550 of the same Code:

"A person, who buys or receives any stolen property, or any property which has been wrongfully appropriated in such a manner as to constitute larceny * * * knowing the same to have been stolen, * * * is punishable, by imprisonment in a state prison for not more than five years, or in a county jail for not more than six months, or by a fine of not more than two hundred and fifty dollars, or by both such fine and imprisonment."

Therefore the crime of receiving stolen property, under the Penal Code, may be punishable in a different manner from that of larceny in the second degree, and with a greater punishment. While the appeal is from the judgment and order denying the new trial, the object really sought by the appeal is to relieve the appellant from the consequences of the conviction, and the sentence imposed thereupon. Had the motion of the defendant Kerns been granted, and he had still been convicted upon the first count of the indictment, he was liable to be imprisoned not exceeding five years. While it is not stated in the record that he was convicted upon the first count in the indictment, and not upon the second, we are able to say, from an examination of the record, which we have a right to refer to, and to the whole record, that as there was not a scintilla of evidence pointing to the guilt of the defendant under the second count of the indictment, and as there was evidence which, if it were believed by the jury, pointed to the guilt of this defendant under the first count of the indictment,—indeed, pointing to the higher crime of robbery,—he must have been convicted under the first count of the indictment; and as only a single sentence was imposed, such as comes within the scope of a conviction upon the first count, we are unable to see how the defendant Kerns has been prejudiced by the failure of the trial court to grant this motion to which we have referred, and in terms eliminate the charge under the second count of the indictment from the consideration of the jury.

The purpose and spirit of our new system of criminal procedure seems to be that the court, at every stage of criminal trials, and upon appeal, must disregard technical errors and defects, and much of the strictness of the old practice has been distinctly discountenanced; and the appellate courts are directed, by section 542 of the Code of Criminal Procedure, that they "must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." This statute goes beyond mere technical errors and defects, such as were cured by the statute of jeofailes (2 Rev. St. p. 728, § 52). It commands the court not to reverse a conviction unless the substantial rights of the defendant are infringed. In People v. Budd, 117 N. Y. 1, 5, 6, 22 N. E. 670, 682, we have an authority for the view here taken. The defendant was indicted under chapter 581 of the Laws of 1888, fixing the maximum charge for elevating grain, etc., and making violations of the act misdemeanors. The indictment contained two counts. The first charged the violation of the provisions of this act, in exacting a greater amount than the statute permitted for elevating the grain, and the other count was for exacting more than the

actual cost of shoveling the grain. The charge contained in the first count was proved, but, as to the alleged overcharge for shoveling, it was not proved. The defendant objected to the submission to the jury of the question of the overcharge under the second count. The trial judge overruled this objection, and submitted the case to the jury in both aspects, who found a general verdict of guilty, and thereupon the court imposed a fine of $250 upon the defendant, as a single sentence. The court says at page 6, 117 N. Y., and page 671, 22 N. E.:

"The verdict of guilty was followed by the infliction of the lowest penalty for a single offense. The verdict and sentence were justified, without considering whether an offense had been made out under the second allegation in the indictment. No question as to the form of the indictment was made. The joinder of several distinct misdemeanors in the same indictment is not a cause for the reversal of a judgment, where there is a general verdict, and the sentence is single, and is appropriate to either of the counts upon which the conviction was had. Polinsky v. People, 73 N. Y. 65. Even if the alleged overcharge for shoveling was not made out, the verdict and sentence are supported by the findings of the jury on the other branch of the case, and the refusal of the judge to withdraw from the jury the consideration of the question whether there was an overcharge for shoveling did not prejudice the defendant."

The same argument could have been made in that case which was made in the case at bar by the learned counsel for the appellant,— that as the court refused to eliminate the second count from the consideration of the jury, and as the jury found a general verdict, it is impossible to say upon which count the conviction occurred. The jury may have disbelieved the people's evidence under the first count, but reached the conclusion that in some manner the defendants had gotten hold of the money that had been stolen by others from the person of the complainant. Observe that in the Budd Case the court of appeals looked into the record to see whether there was any evidence upon which a conviction could be reached by the jury upon the second count in the indictment with a view of determining the ground upon which the jury acted; and the court calls to its aid, also, in determining the question whether the defendant had been prejudiced in the disposition of the case, the single sentence imposed, which was a sentence appropriate to either count in the indictment. In Polinsky v. People, 73 N. Y. 65, there was a joinder of several offenses in the indictment, concerning the exposing for sale of adulterated milk, and the bringing of such milk into the city of New York for sale. They were distinct offenses. There was a plea of guilty, and the single sentence was imposed, which was permissible under any of the counts of the indictment. The court sustain the sentence, and say at page 69:

"The joinder of several distinct misdemeanors in the same indictment is not a cause for the reversal of the judgment on writ of error, when the sentence is single, and is appropriate to either of the counts upon which the conviction was had"; citing Kane v. People, 8 Wend. 203; People v. Rynders, 12 Wend. 425; People v. Costello, 1 Denio, 83; People v. Baker, 3 Hill, 159; People v. Liscomb, 60 N. Y. 559.

In People v. Dunn, 90 N. Y. 104, 107, the indictment contained five counts,—the first three charging one kind of misdemeanor; the last two charging another, of a different character, and punishable dif-

ferently. In that case the court queried whether the prisoner had the right to put the prosecution to his election, or require the jury to convict only on one of the misdemeanors, but as that had not been done the question could not be raised upon appeal, or by objection to the evidence at the trial; citing Hawker v. People, supra. This case is certainly conclusive upon the appeal of the defendant Slattery.

It is true that the offenses joined in the indictment in the case at bar were not misdemeanors, but felonies; but under our former criminal practice, and at common law, distinct felonies of the same degree, charged against the same defendant, could be joined in the same indictment, subject to the power of the court to direct the prosecutor to elect upon which count he would proceed to try the defendant, or to direct that a nolle prosequi be entered as to all but one of the counts, which was frequently done, as the joinder of distinct felonies tended to confound the prisoner in his defense, confuse the jury, and abridge the defendant's right of challenge of the trial jurors. 1 Barb. Cr. Law (3d Ed.) 714; 2 Hale, P. C. 173; 2 Leach, Crown Cas. 1103; Archb. Cr. Proc. (Pom. Notes) 292, and notes; People v. Rynders, 12 Wend. 425; and Kane v. People, 8 Wend. 203. Now, as we have seen, under our Code of Criminal Procedure, if more than one felony is united in the same indictment the defendant's only remedy is by demurrer; and if this right is waived by failing to demur it is an open question whether the court has the right, as under the old practice, to compel an election, or dismiss all but one count of the indictment. No reason is perceived why, under our present system, where the right to challenge the jurors is given to a defendant, whether upon a trial for a misdemeanor or a felony (the number of challenges being only regulated by the gravity of the offense with which the defendant is charged), the principle applied in cases of misdemeanors in the authorities above cited does not apply to felonies. Rapallo, J., says in People v. Liscomb, 60 N. Y. 600, that the doctrine in England at one time was that the prisoner could not be tried for various, distinct felonies, because it would tend to embarrass him in his defense, confound the jury and the prisoner, and prejudice him in his challenges of the jury,—the law of England allowing to the prisoner a certain number of peremptory challenges in cases of felony,—but that the objection to the joinder of several offenses in one indictment does not exist in cases of misdemeanors, because in those cases, by the law of England, the prisoner has no right of peremptory challenge. And Judge Rapallo adds:

"It is not easy to perceive why uniting several charges of different offenses in the same indictment is not as likely to embarrass the prisoner in his defense, and confound him and the jury, in cases of misdemeanors as in cases of felony; but perhaps the English judges, in view of the entire control which they could, in general, exercise over the conduct of the trial, and the amount of punishment to be inflicted in the case of misdemeanors, considered that it was in their power to adjust any difficulties that might arise in that class of cases, where they could not exercise like powers in cases of felony, where the punishment was prescribed by law."

And this reason is an excellent one for the difference, because at the time this rule obtained in England the punishment for misde-

meanors was in the discretion of the court. It will be seen, therefore, that the reason for the English distinction between felonies and misdemeanors, to which we have referred, does not exist in this country; and, as Judge Rapallo says, no reason exists, so far as the rights of the prisoner are concerned, whether the joinder of different offenses in one indictment, and their trial in one proceeding, are felonies or misdemeanors. In People v. McGeery, 6 Parker, Cr. R. 653, in 1863, the Monroe general term held that on a general verdict of guilty upon the trial of an indictment which contained counts for burglary, larceny, and for receiving stolen property knowing it to have been stolen, the defendant was properly sentenced for the highest crime charged in the indictment; and the same general term, in People v. Bruno, Id. 657, where an indictment contained two counts, —one for larceny, and the other for receiving stolen property knowing it to have been stolen,—and the jury found a general verdict of guilty, and it appeared that both counts related to the same transaction, held that there was no ground for sustaining a motion in arrest of judgment, but the judgment should be given for the highest grade of offense. In the last case the prisoner's counsel moved the trial court in arrest of judgment on the ground that the indictment contained two counts,—one for larceny, and the other for receiving stolen property, knowing it to have been stolen,—and, the jury having found the general verdict of guilty, it is impossible (it was urged) for the court, without an arbitrary selection, to determine the proper judgment to be pronounced. Very much the same point as is made here in the Kerns case. That point, however, was overruled by the appellate court, and the conviction affirmed. It is impossible for us to see, from the record before us, wherein the defendant Kerns was prejudiced by the proceedings of the trial court that we have considered. That being so, our manifest duty is to affirm his conviction.

The judgment and order of the court of sessions of Monroe county in the case of the appellant Michael Slattery, and also in the case of Edward Kerns, should be affirmed. All concur.