(21 Misc. Rep. 147.)

### PEOPLE v. STOCK et al.

#### (Supreme Court, ·Special Term, Erie County. August, 1897.)

INDICTMENT—DUPLICITY—OFFICERS.

An indictment charged that defendant was a public officer, to wit, a town supervisor, charged as such with the duty of auditing and allowing claims against the county, and that he corruptly aided in the passage of a resolution by the board of supervisors ordering the payment of a dishonest and fraudulent demand against the county; and also alleged, in the same paragraph, that defendant knowingly and with intent to defraud presented to the county auditor for audit and allowance a false and fraudulent account. *Held*, that the indictment was bad for duplicity, because it alleged both the crime set out in Pen. Code, § 165, providing that a public official, charged with the duty of auditing or allowing claims, who knowingly takes part in the auditing or payment of a fraudulent claim, is guilty of a felony, and also the crime set out in section 672, providing that one "who knowingly, with intent to defraud, presents for audit, or allowance, or for payment," to an official board, any fraudulent claim, is guilty of a felony.

John H. Stock and others were charged with a felony, and demurred to the indictment for duplicity.    Demurrer sustained.

Daniel J. Kenefick, Dist. Atty., for the People.
Ticknor & Pierce, for defendants.

SPRING, J. It is averred in the demurrer that the indictment in this case is bad for duplicity, in that it charges in one count two specific crimes, which is not permissible by section 278 of the Code of Criminal Procedure. See People v. Dumar, 106 N. Y. 502–510, 31 N. E. 325; People v. Tower, 135 N. Y. 457, 32 N. E. 145; People v. Wilson, 151 N. Y. 403–406, 45 N. E. 862; People v. Sebring, 14 Misc. Rep. 31, 35 N. Y. Supp. 237. Section 165 of the Penal Code is aimed at the vice of falsely auditing and paying claims by a public officer.

It provides that a public official, intrusted with the duty of auditing or paying claims, who knowingly takes part or connives at the auditing or payment of a false or fraudulent demand, is guilty of a felony. To come within the purview of this section, the accused must be a public officer, and the evil consists in a violation of his official duties in the manner stated. The indictment charges that each of the defendants was a public officer, to wit, supervisor of a town, and that as a member of the board of supervisors he was charged with the duty of taking part in the auditing and allowance of claims and demands against the county, and the full audit and allowing of claims were intrusted to the board and to the county auditor. The indictment then charges in proper form that defendant corruptly aided in the passage of a resolution by the board directing that an order be drawn on the county auditor for necessary expenses incurred, not exceeding $70, in favor of each of the persons composing the committee on almshouse and county hospital of said board, together with four other persons who had acted in conjunction with said committee in making an investigation of a hospital in the city of New York, pursuant to the direction of said board. To paraphrase this accusation, the defendant, possessing the power to audit or allow claims, knowingly and corruptly used this power to allow a dishonest demand, and gave his official sanction to a scheme to defraud the county, by authorizing the auditor to pay an excessive claim. The indictment, therefore, alleges in plain language the violation of section 165 of the Penal Code. But it goes further. It charges that the defendant did knowingly and corruptly prepare and verify under his oath, and "feloniously did knowingly and corruptly present and cause to be presented for audit and allowance to the said John W. Neff, as such county auditor, who then and there audited and allowed the same, a false and fraudulent account," etc., incorporating in the indictment a copy of the account presented to the auditor and paid by him, and which was the personal claim of the defendant presenting it. Section 672 of the Penal Code provides that "a person who knowingly, with intent to defraud, presents for audit, or allowance, or for payment," to an official board, any false or fraudulent claim, is guilty of a felony. This section, and the crime defined in it, are plainly distinguishable from section 165 referred to. The one is malfeasance in office by the official in auditing or paying a false claim, while the other is the presentation of a fraudulent claim to an auditing board for allowance or payment. Only a public official can be guilty of the crime charged in one section, while in the other it is not the official, but the person presenting the claim, who commits the felony. The indictment in this case in one count charges both these offenses in unmistakable language. The pleader, at the outset, prepared his indictment to meet section 165, and he avers every element constituting the crime embodied in that section. He charges that defendant is a public officer, authorized to take part in the auditing of accounts against the county; that he corruptly and dishonestly aided in the adoption of a resolution allowing the fraudulent demand set forth in the indictment, and directing its payment by the auditor. This ends his official connection with the claim. He is not charged with colluding

·or conniving with the auditor, and there is no imputation of fraud against that official. Then, in very nearly the language of section ·672, he is accused of presenting his fraudulent claim to the auditor for payment. That constitutes a different offense, and is also alleged in concise, unequivocal language. Section 279 of the Code of Criminal Procedure does not cure this indictment. That permits the ·crime to "be charged in separate counts to have been committed in a different manner, or by different means," or where the same acts ·constitute different crimes they may be set out in the indictment in ·separate counts. For instance, a person in committing a burglary may also commit larceny, and two separate counts in the indictment may cover the two offenses, as they are the same acts. People v. Wilson, 151 N. Y. 403, 45 N. E. 862; People v. Adler, 140 N. Y. 331, ·35 N. E. 644. This indictment does not contain two separate counts, and the transactions—the acts—which comprise the two offenses are ·distinct and independent of each other. The demurrer is sustained.

Demurrer sustained.