THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR J. LING, JR., Relator, against VERNON A. MORHOUS, Warden of Great Meadow Prison, Respondent.

Supreme Court, Washington County, March 8, 1943.

*Arthur J. Ling, Jr.,* relator, in person.

*Nathaniel L. Goldstein, Attorney-General (Everett D. Mereness* of counsel), for respondent.

IMRIE, J. This matter has been before me for some time on a writ of habeas corpus which was returnable at the January Term of the Supreme Court. The petition here sets forth that the sentence under which the petitioner is being held (for not less than one year and six months and not more than five years) was excessive in that the punishment prescribed for violation of section 480 of the Penal Law is not more than two years or, by fine, not to exceed $1,000. An examination of all available court records relating to this matter, including copy of the indictment and the record of the prisoner's arraignment and sentence, indicates that the petitioner is in error in asserting that his conviction was under section 480. He was indicted in June, 1941, under three counts: *first,* for the violation of section 50 of the Penal Law, the abandonment of a pregnant wife, a felony; *second,* for the violation of section 480 of the Penal Law, the abandonment of a child under sixteen years of age, also a felony; and *third,* for the violation of section 482 of the Penal Law, unlawfully omitting to provide for a child, a misdemeanor. On conviction under the first count, he could be sentenced to not to exceed seven years; on the second count, not to exceed two years; and under the third, for a misdemeanor. On his arraignment, on June 5, 1941, plaintiff pleaded guilty and on June 10, 1941, he was sentenced to be confined in Clinton Prison for not less than one and one-half years nor more than five years. It is true that there is no specification in the record as to the count under which he was sentenced. They were counts which could properly be joined in one indictment, all seeming to have grown out of the same act of desertion and abandonment. His plea of guilty would be the same as if a trial had been had and a general verdict rendered by the jury. Under such circumstances, he could receive a sentence appropriate to either count upon which he stood convicted. The sentence he received was appropriate to the first count. (*People* v. *Kerns,* 7 App. Div. 535; *People* v. *Dileo,* 194 App. Div. 793; *Polinsky* v. *People,* 73 N. Y. 65; *People* v. *Dunn,* 90 N. Y. 104.)

While there were circumstances which might make it appear that the sentence which this man received was somewhat severe, that was a matter wholly within the jurisdiction of the court fixing the sentence and the act, being jurisdictionally correct, this court should not interfere with its exercise. It appears from the record that the petitioner has twice appeared before

the Parole Board and, on the last occasion, was held for the October, 1943, meeting of the Board, but nothing in the record indicates that the Parole Board has acted otherwise than in accordance with the law and in the exercise of the discretion vested in it.

An order may be taken dismissing the writ.