Bernard Tomson, J.
The information charges that the defendants violated subdivisions 1 and 2 of section 240.25 of the Penal Law in that: “ at the time and place aforesaid, the said defendants and each of them and each acting in concert *214 with and each aided and abetted by the other did with intent to harass, annoy and alarm another did shove and subject the complainant to physical contact and in a public place did use abusive and obscene language, to wit: the defendants did push and shove the complainant about bodily and did shout at him [obscenities].”
The People proved beyond a reasonable doubt that the defendant Dorian Montgomery violated subdivision 2 of section 240.25. The People also proved beyond a reasonable doubt that the defendant James P. Campbell violated subdivision 1 of section 240.25 of the Penal Law. The People, however, did not prove beyond a reasonable doubt that the defendants acted in concert with each other or that they aided and abetted each other. In other words, the defendant Dorian Montgomery used the language complained of in the information in a public place with the required intent to harass the complainant and the defendant James P. Campbell shoved and subjected the police officer to physical contact in a public place with the requisite intent'.
The defendants take the position that since the People have failed to prove that the defendants aided and abetted each other as alleged in the information, both defendants must be acquitted in spite of the fact that the court finds that each defendant individually violated one of the subdivisions of section 240.25 of the Penal Law. The defendants urge that the People are bound by the four corners of the information and that if any item in the information is not proven then the entire information must fail.
It is noted that this information is not divided into separate counts* although a reading of the information suggests a multi-count information:
the first count that James P. Campbell violated subdivision 1 of section 240.25;
the second count that James P. Campbell violated subdivision 2 of section 240.25;
the third count that Dorian Montgomery violated subdivision 1 of section 240.25;
*215 the fourth count that Dorian Montgomery violated subdivision 2 of section 240.25;
the fifth count that the defendant James P. Campbell aided and abetted the defendant Dorian Montgomery in violating subdivision 1 of section 240.25;
the sixth count that the defendant James P. Campbell aided and abetted the defendant Dorian Montgomery in violating subdivision 2 of section 240.25 ;
the seventh count that the defendant Dorian Montgomery aided and abetted the defendant James P. Campbell in violating subdivision 1 of section 240.25, and
the eighth count that the defendant Dorian Montgomery aided and abetted the defendant James P. Campbell in violating subdivision 2 of section 240.25.
The People in the pleading before this court have chosen to accomplish this by pleading in the conjunctive, and properly so. (Cf. People v. Kane, 43 App. Div. 472, affd. 161 N. Y. 380; People ex rel. Sollazzo v. Jackson, 205 Misc. 691.)
Pleading the counts in the multi-count manner, although cumbersome, would no doubt clarify the information (Code Grim. Pro., § 279), but in its present form the information sufficiently apprises the defendants what they are charged with — the primary function of an information (Ford v. State of New York, 21 A D 2d 437; People v. Cooper, 35 Misc 2d 90). The defendants are each guilty of a charge in the information to wit: “that James P. Campbell did violate Section 240.25, Subdivision 1, * * # of the Penal Law of the State of New York in that at the time and place aforesaid, the said defendant(s) * * * did with intent to harass, annoy and alarm another did subject the complainant to physical contact in a public place * * * to wit: defendant(s) did push and shove the complainant about bodily * * * to wit: that the defendant Dorian Montgomery did violate Section 240.25, Subdivision 2, * * ® of the Penal Law of the State of New York in that at the time and place aforesaid, the said defendants) * * * did with intent to harass, annoy and alarm another * * * did use abusive and obscene language, to wit: did shout at him [obscenities].”
The defendants’ motions are therefore denied and the defendants are found guilty accordingly.

No objection was made to the information or its form. Section 279 of the Code of Criminal Procedure provides that where there are several charges for the same act or transaction constituting different crimes, the whole may be joined in one indictment or information in separate counts. There are cases which appear to hold that “ may ” should be interpreted to mean that if several crimes are charged in one information there must be separate counts. (People v. Powell, 4 NYCRR 585; People v. Kerns, 7 App. Div. 535; People v. Stock, 21 Misc. 147; People v. Crotty, 55 Hun 611, opn. in 9 N. Y. S. 937.) The defendants have waived any improper joinder :by failing to object.