The People v. Costello.

THE PEOPLE *vs.* COSTELLO, impleaded with others.

Upon the trial of an indictment, an *accomplice* in the commission of the offence is a competent witness for the prosecution ; and the testimony of a witness thus situated, will, if the jury are fully convinced of its truth, warrant the conviction of the defendant, though it be uncorroborated by other testimony.

The uncorroborated testimony of an accomplice should be received with great caution, and the court should always so advise the jury ; but they are not to be instructed that in point of law a conviction cannot be had upon such testimony.

The prosecution is not entitled, upon the trial of an indictment, to give in evidence an anonymous letter, written by a stranger, though a witness for the prosecution had spoken of it on the direct examination, and had been cross-examined concerning the circumstances under which it was received, by the defendants' counsel, its contents not having been disclosed on such examination.

Several *misdemeanors* may be joined in the same indictment, and a conviction for all may take place at the same time, and the prosecution cannot be compelled to select a single offence among those charged, and proceed for that alone.

But where, in an indictment against three persons for misdemeanor, distinct offences were charged in different counts, and on the trial, the defendants being tried together, the evidence tended to show that two crimes had been committed, and when the prosecution rested there was no evidence against one of the defendants in respect to one of the offences charged, though there was testimony tending to show them all guilty of the other offence, and the defendants applied to the court to compel the prosecutor to elect for which offence he would proceed, it was held that he should have been required to make such election.

Such application being addressed to the discretion of the court, before which the trial took place, whether a decision denying it could be corrected by this court upon a bill of exceptions, *quere*.

THE defendant, Catharine Costello, was indicted, together with Napoleon Loreau and Catharine Guetal, in the New-York general sessions, under 2 *R. S.* 694, § 21, which provides, that "every person who shall wilfully administer, to any preg nant woman, any medicine, drug, substance, or thing whatever, or shall use or employ any instrument, or other means whatever, with intent thereby to procure the miscarriage of any such woman," unless, &c. shall, upon conviction, be punished, &c.

The indictment contained four counts, the intent charged in each being to procure the miscarriage of one Zulma Marache, she being then pregnant, &c. The two first charged the attempt to have been made by administering drugs, and the others that it was by means of an instrument. The defendants severally pleaded not guilty, and were tried together, in the general sessions.

On the trial, the prosecution offered Zulma Marache as a witness, who was objected to by the counsel for the defendant, on the ground that she was an *accomplice* in the commission of the offence, and for that reason incompetent to give evidence for the prosecution. The court overruled the objection, and the witness was sworn and examined. Her testimony implicated the defendants Loreau and Guetal, in the act of administering drugs to her, to procure the miscarriage, but in this the defendant Costello did not appear to have had any concern or even knowledge. The drugs not having produced the effect intended, she was afterwards induced, by Loreau and Guetal, to re sort to Costello, who, according to her testimony, employed an instrument to effect the object.

In the course of the direct examination of the witness, she stated that she had seen three anonymous letters, two of which were addressed to her mother, and the other to a Madam Pousot ; and on her cross-examination, she stated the time and manner of receiving the letters, and what had become of them, but their contents were not then disclosed. After this, the district attorney offered the letters in evidence, and the counsel for Costello objected to their admission, on the ground that the defendant was not shown to have had any connexion with them.

The court excluded those written to the mother of the witness, but admitted the one addressed to Madam Pousot, for the reason, as stated, that *it had been inquired about on the cross-examination ;* and the defendants' counsel excepted. The letter was read, and purported to be " from a neighbor," and the writer requested Madam Pousot to inform the mother of Zulma that her daughter was pregnant. After the prosecution had rested, the defendants' counsel applied to the court to require the district attorney to elect as to which of the offences he would ask a conviction, insisting that inasmuch as the defendant Costello was not shown to have been concerned in the alleged unlawful use of drugs, the cause could not legally be proceeded in without such election ; but the court declined to require such election to be made, and the defendants' counsel excepted.

After the defendants had given their evidence, and the testimony had closed, the defendants requested instructions upon several points to be given to the jury, and, among others, that they could not convict a part of the defendants of the offence relating to the unlawful use of drugs, and also convict others, or the whole of them, of employing an instrument for the unlawful purpose, at another time. The court declined to give such instruction, and the defendants' counsel excepted. The defendants' counsel also desired the jury to be instructed that they could not convict upon the uncorroborated testimony of Zulma Marache, insisting that she was an accomplice in the alleged offence.

In the charge, the court instructed the jury, among other matters, that Marache was not an accomplice, within the legal idea of that term, though she stood in a situation to affect her credibility, and that her testimony ought to be carefully weighed ; but that if, upon the whole, they credited the account she had given, they could convict the defendants, even though she was not corroborated ; and that they might convict a part of the defendants upon the counts respecting drugs, and convict others of them whom they should acquit upon that branch of the indictment, upon the counts charging the unlawful use of an instrument, according as the evidence implicated them respective-

ly. . The defendants excepted to the charge. The jury found the defendants Loreau and Guetal guilty on all the counts, and the defendant Costello guilty on the third and fourth counts, and not guilty on the first and second. The court signed a bill of exceptions, and the proceedings were removed into this court by a *certiorari* prosecuted by the defendant Costello.

*J. T. Brady*, for the defendant.

*M. C. Paterson*, (district attorney,) for the people.

*By the Court*, BEARDSLEY, J. The defendant, Costello, was indicted jointly with two others, (Loreau and Guetal,) for an attempt to procure the miscarriage of Zulma Marache, a pregnant woman. The indictment contains four counts; the first two charging the attempt to have been made by administering drugs, and the others by the use of an instrument. (2 *R. S.* 694, § 21.) The defendants severally pleaded not guilty, and were all tried at the same time. Loreau and Guetal were found guilty on all the counts, and no question is now made on their behalf. Costello was convicted on the third and fourth counts only, and the case is here on various exceptions taken by her counsel in the course of the trial.

1. The woman, Marache, was offered as a witness for the prosecution, but objected to as an accomplice in the crime, and therefore incompetent. This objection was overruled, and in the charge the jury were instructed that they " could lawfully convict the prisoners on the testimony of Zulma Marache alone, and uncorroborated." To this decision and instruction the counsel for the defendant duly excepted. Conceding Marache to have been an accomplice, in the strict sense of that term, she was still a competent witness for the prosecution. Of this there can be no doubt. And although it has often been said by judges and elementary writers, that no person should be convicted on the testimony of an accomplice unless corroborated by other evidence, still there is no such inflexible rule of law. It is a question for the jury, who are to

pass upon the credibility of an accomplice, as they must upon that of every other witness. His statements are to be received with great caution, and the court should always so advise; but, after all, if his testimony carries conviction to the mind of the jury and they are fully convinced of its truth, they should give the same effect to such testimony as should be allowed to that of an unimpeached witness, who is in no respect implicated in the offence. Such testimony will authorize a conviction in any case. The court certainly should advise great caution on the part of the jury, where the prosecution depends upon the uncorroborated evidence of an accomplice; but they are not to be instructed, as matter of law, that the prisoner must in such case be acquitted. Lord Ellenborough thus expressed his views upon this question : " No one," said he, " can seriously doubt that a conviction is legal, though it proceed upon the evidence of an accomplice alone. Judges in their discretion will advise a jury not to believe an accomplice, unless he is confirmed, or only in as far as he is confirmed; but if he is believed, his testimony is unquestionably sufficient to establish the facts to which he deposes. It is allowed that he is a competent witness; and the consequence is inevitable, that if credit is given to his evidence, it requires no confirmation from another witness." (*Rex* v. *Jones*, 2 *Camp.* 132.) In the case of *The King* v. *Atwood and others*, (2 *Leach*, 521,) the twelve judges held that an accomplice is a competent witness, and they were unanimously of opinion " that if the jury, weighing the probability of his testimony, think him worthy of belief, a conviction supported by such testimony alone is perfectly legal." Grose, J. in *Jordaine* v. *Lashbrooke*, (7 *Durnf. & East*, 609,) refers to this case and says, " This was not new law nor founded upon a new principle; for in 1 *Hale*, 303, 304, 305, there are different instances of convictions on the evidence of accomplices; one in 1672, of a conviction of Hyde and others of a robbery on the highway, on the testimony of one who was a party in the robbery, but not indicted." Lord Denman is not less explicit; in *Rex* v. *Hastings*, (7 *Car. & Payne*, 152,) he said : " I consider, and I believe my learned brothers agree

with me, that it is altogether for the jury, and they may, if they please, act upon the evidence of the accomplice without any confirmation of his statement. But one would not, of course, be inclined to give any great degree of credit to a person so situated." (*See also Rex* v. *Wilkes*, 7 *Car. & Payne*, 272; *Greenleaf's Ev.* 448, 449, 450; *Commonwealth* v. *Bosworth*, 2 *Pick.* 397; 1 *Phil. Ev.* 41; *Roscoe's Crim. Ev.* 143.)

The views of the court upon this point were therefore correct. There was no error in admitting Marache as a witness, nor in advising the jury that they could legally convict on her testimony alone.

2. In the course of her direct examination the witness, Marache, stated that two or three letters had been received, about the time of the abortion, by her mother, and by Madame Pousot, which she, the witness, had seen; and on her cross-examination by the defendant's counsel, these letters were again mentioned by the witness. The district attorney subsequently offered the letters in evidence, but they were objected to by the defendant's counsel. The offer was then limited to the letter addressed to Madame Pousot, which the district attorney insisted was admissible because the witness had been examined in relation to the contents, and the court decided that this letter "was admissible for the reason that it had been inquired about on the cross-examination." The letter was thereupon read in evidence, and the decision duly excepted to by the counsel for the defendant.

Although this letter had been mentioned by the witness, both on the direct and cross-examination, its contents had not been stated, nor had any allusion been made to them. The district attorney was mistaken in the reason he gave for offering the letter in evidence; that is, because the witness had been examined in relation to its contents; but it was not received by the court on that ground. According to the bill of exceptions the letter was admitted by the court, not because its *contents* had been inquired about, but because the letter had been inquired about *on the cross-examination.* This was true in fact, but, in my opinion, very far from being a correct ground for receiving

the letter in evidence. The letter was signed "*from a neigh-bor,*" and addressed to " *Madame Pousot.*" It stated that the latter would do .Madame Marache, the mother of the witness, an act of kindness by informing her that her daughter was pregnant, and the sooner her mother was made acquainted with it the better for both. This letter bore date on the 11th of February, four days before the abortion took place.

The letter may have been material to fortify the testimony of the witness, Marache, and was probably offered for that purpose; but there is no principle on which it could have been received as evidence against this defendant. She was an entire stranger to it; as to her it was the written statement of some third person, and mere hearsay evidence. If this letter was legal evidence, it must follow that every writing which a witness may mention in the course of giving testimony in a cause, is thereby made competent evidence in the cause. But such is not the rule. That the statements received as evidence in this instance, were in writing, makes no difference; they were still but hearsay, and should have been excluded as such. (*Greenleaf's Ev.* 115, 116, 152, 153; 1 *Phil. Ev.* 229, 230.)

3. When the district attorney rested the prosecution, evidence had been given which tended to establish the offence charged in the last two counts, against *all* the defendants, and also to prove that Loreau and Guetal were guilty of the crime alleged in the first two counts; but no evidence whatever had been given which at all implicated the defendant, Costello, with the latter offence.

At this stage of the trial the defendant's counsel moved the court to compel the public prosecutor to elect for which offence he would ask the jury to find a verdict. This the court refused to do, and an exception was taken.

Distinct offences were charged in the different counts of this indictment, and the evidence went to show that two crimes had been committed : 1. That an instrument had been used at one time for the purpose charged; 2. That on other occasions and at other times, drugs had been resorted to for the same purpose.

The offences charged were misdemeanors, and it is well set-tled law that several misdemeanors may be joined in the same indictment, and a conviction for all may take place at the same trial. The prosecutor is not bound in such cases to elect a single offence from amongst the number charged and proceed for that alone, but may ask a conviction for as many as are proved. (*Roscoe's Cr. Ev.* 216; *Rex* v. *Jones,* 2 *Camp.* 132; *Kane* v. *The People,* 8 *Wend.* 211; 1 *Chit. Cr. Law,* 249, 254; *Rex* v. *Levy,* 2 *Stark. R.* 458; *Commonwealth* v. *Gil-lespie,* 7 *Serg. & Rawle,* 476.)

But this was not merely a joinder of distinct misdemeanors in which the three were jointly implicated, and a trial for these offences at the same time. It was much more than this. It was a trial of the three for one offence, which may have been, as was found by the jury, committed by all; and a trial of two of them for another offence, in which the third defendant was not proved to have been at all concerned. I refer to the defen-dant Costello, for there was not a scintilla of evidence to con-nect her with the offence charged in the first two counts, that of administering drugs.

In a recent case precisely similar in principle to the present, Coleridge, J. put the prosecutor to his election. (*Regina* v. *Murphy,* 8 *Car. & Payne,* 297; *Roscoe's Cr. Ev.* 216.) I am clearly of the opinion that the same course should have been taken in this case, although I am not prepared to say the error was one to be corrected by a bill of exceptions. Applications of this description are said to be addressed to the discretion of the court, and perhaps cannot be reviewed on a writ of error. (1 *Chit. Cr. Law,* 270, 253; *Roscoe's Cr. Ev.* 215; *Com-monwealth* v. *Gillespie,* 7 *Serg. & Rawle,* 469; *Young* v. *The King,* 3 *Durnf. & East,* 105, 106; *The King* v. *Kings-ton,* 8 *East,* 41; *Rex* v. *Philips,* 2 *Stra.* 921.) But although such a decision may be incapable of review in this form, a point not necessary here to determine, it is not less objectionable in its character. Persons on trial, however infamous the imputed crime may be, have their rights, and each is entitled, by our law, to have his own case examined and passed upon by a jury,

without being combined with the crimes of others, to which he was not a party and with which he had no concern.

Various other exceptions were taken, but none which need be particularly noticed. There must be a new trial on the ground already stated. Very few of the remaining exceptions, if any, can arise on the new trial, as that will be confined to the defendant Costello, alone, and none of them call for any particular observation.

New trial ordered.