Bowes-, J.,
delivered an opinion concurring in all points with the preceding. In respect to the exceptions to the charge, regarding the corroboration of the witness, McDermott, he said: In criminal trials, where the testimony of accomplices has been resorted to to procure conviction, it has been customary for judges presiding at the trial to instruct juries that it was ordinarily unsafe to convict upon the unsupported and uncorroborated evidence of the accomplice. Such instructions, however, have been merely *344 advisory. It was always competent for a jury to predicate a verdict of guilty on such testimony, and it would be their duty to do so, provided his manner of testifying and the probability and consistency of his story carried conviction to their minds that he had testified truly, and such testimony, if true, would prove the guilt of the accused. The true rule on that subject was laid' down by Mr. Justice Beardsley, in People v. Costello (1 Denio, 83). He says: “ His (the accomplice’s) statements are to be received with great caution, and the court should always so advise; but, after all, if his testimony carries conviction to the mind of the jury, and they are fully convinced of its truth, they should give the' same effect to such testimony as should be allowed to that of an unimpeached witness, who is in no respect implicated in the offence. Such testimony will authorize a conviction in any case. The court should certainly advise great caution on the part of the jury, where the prosecution depends upon the uncorroborated evidence of an accomplice; but they are not to be instructed, as matter of law, that the prisoner must in such case be acquitted.”
In this case the jury were instructed that the evidence of the accomplice was not sufficient to convict the prisoner, unless corroborated by other evidence, but that the evidence of Mr. and Mrs. Harrison, and of Mrs. McDermott, the wife of the accomplice, should be taken into consideration as corroborating the accomplice; and it is insisted that as the testimony of these witnesses did not in any way connect the prisoner with the commission of the crime, they did not corroborate the accomplice on a material point necessary to be established in order to produce a conviction, and that the testimony of a wife is no corroboration of that of her husband. As is above shown, it would not have been error, and the prisoner would have had no legal cause of complaint, if the jury had been instructed that they could convict on the uncorroborated evidence of the accomplice. Harrison *345 and wife did corroborate McDermott in a material part of his testimony, that is, as to the commission of the crime. Judges have advised juries that such corroboration ought not to be deemed sufficient to warrant a conviction; that the corroboration should extend to the identity of the prisoner as being connected with the crime. But one on trial for a criminal offence has no legal right to require such instruction to be given, any more than he has to require the instruction that any corroboration is necessary. When such advice or instruction is given, it is done as a matter of grace and favor to the accused, and he has no right to dictate the manner or form in which it is done. The jury in this case were not instructed that the evidence of Harrison and of his wife, and of McDermott’s wife, was a sufficient corroboration of McDermott. The charge was, that their evidence should be taken into consideration as corroborating him, leaving its sufficiency to be passed upon by the jury.
It has been said that the testimony of the wife of an accomplice is to be regarded but as the testimony of the accomplice himself, the husband and wife being considered in law as but one person (Rex v. Neal, 7 Carr, & Pa., 168); but there can be no error in advising a jury that, in determining the credibility of the testimony of the husband, they may take into consideration that of the wife, and nothing more was done in this case.
I think there was no error, either in the charge as given or in the refusal to charge as requested.
All the judges concurring,
Judgment affirmed.