JAMES STEVENS, alias SEWELL WRIGHT *vs.* STATE OF
MARYLAND. SAME *vs.* SAME.

*Indictment charging Rape and an Assault with Intent to com-
mit Rape—Verdict on one Count only—Writ of Error—
Practice.*

Where an indictment contains two counts, the first charging the com-
mission of rape, and the second charging an assault with intent to
commit rape, and the jury finds the traverser " guilty of the charge
in the first count," without passing upon the second count, the
verdict is sufficient, the minor offence being merged in the greater.

A writ of error cannot properly be allowed before final judgment.

Where a petition to have the record removed as upon writ of error,
is allowed, the Court may proceed to pronounce sentence upon the
prisoner without waiting for a determination by the Appellate
Court of the questions sought to be presented by the writ of error.

APPEALS as upon Writ of Error, from the Circuit Court
for Somerset County.

The case is stated in the opinion of-the Court.

The cause was argued for the State before ALVEY, C. J.,
YELLOTT, ROBINSON, and BRYAN, J., and submitted on brief
for the traverser.

*William C. Handy,* and *Thomas S. Hodson,* for the
traverser.

*Charles B. Roberts, Attorney-General,* for the State.

YELLOTT, J., delivered the opinion of the Court.

In the indictment, as shown by the record, are two
counts. In the first count the plaintiff in error is charged

with the commission of the crime of rape, and in the second count he is charged with an assault with intent to commit a rape. In the Circuit Court for Somerset County, he was arraigned and pleaded not guilty, and was tried, convicted and sentenced to be hanged.

The verdict of the jury was " guilty of the charge in the first count." A motion for a new trial was filed and was overruled. A motion in arrest of judgment was then filed, founded on the apparent fact that the jury, in rendering a verdict, did not find on both counts in the indictment. The Court below overruled this motion, and the prisoner then presented a petition to have the record removed as upon writ of error. The prisoner was subsequently sentenced ; and he afterwards filed a petition which presents the question in relation to the legal effect of a sentence, passed anterior to the decision of the Court of Appeals upon the writ of error.

The application for the first writ of error was premature as no final judgment had then been rendered ; but as the Attorney-General, not being disposed to take advantage of this irregularity, has fully argued the questions thus presented, it is deemed proper to consider and determine those questions without reference to any perceptible departure from regular procedure.

The first objection urged by the plaintiff in error is that the jury failed to find on both counts in the indictment. It is not contended that a felony and a misdemeanor, growing out of the same transaction, cannot be charged in separate counts in the same indictment, for this question was fully determined in the case of *Burk vs. State*, 2 *H. & J.*, 429, in which case the Court said, "there is no substantial reason why a rape, and an assault with intent to commit a rape, may not be charged in the same indictment." But it is contended that when the jury found the accused guilty of a rape, they should also have passed upon the second count. It is clear that the jury could not, after

finding him guilty of a rape, have found him not guilty of an assault with intent to commit a rape. The crime, charged in the first count in the indictment, could not have been committed without unlawful violence to the person of the unfortunate victim, and all unlawful violence of this nature is an assault with intent to commit the crime. As was said in *Hays vs. The People,* 1 *Hill,* 352, "an assault is defined to be an attempt, with force or violence, to do a corporal injury to another; and may consist of any act tending to such corporal injury, accompanied with such circumstances as denote at the time an intention, coupled with the present ability, of using actual violence against the person." And in *The Comm. vs. Thompson,* 116 *Mass.,* 348, it is said that "rape necessarily includes an assault and battery." Indeed so apparent is this, that it is impossible to frame an indictment charging rape without, at the same time, charging an assault, and in the very first count in this indictment it is alleged that the prisoner, "with force and arms, &c., &c., feloniously did make an assault, &c., &c." It is manifest that the first count includes the offence set forth in the second, and the necessity for the second count is created by the obvious possibility that the evidence might not justify a conviction on the first, but might show that the accused was guilty of an assault with intent to commit the greater offence. The first count not being divisible must be taken as an entirety, and, therefore, a second count, charging the minor offence, becomes necessary. But when there is a verdict of guilty on the first count there is a merger of the minor offence. As was said by the Court in determining this question, after hearing a very elaborate argument by counsel, "the higher crime necessarily merges the inferior offence and dispenses with the finding of *non cul.* on that count." *Manly vs. The State,* 7 *Md.,* 151. But as there was no judgment rendered in the case, the petition for the first writ of error must be dismissed

---

That which remains to be determined relates to the propriety of passing sentence in the Court below, before the determination of the questions brought by writ of error into this Court. As has already been intimated, it is impossible to perceive how there can be a writ of error before final judgment; but on this branch of the case it is sufficient to say that the provisions of the Act of 1886, ch. 169, are not applicable. That Act provides that a bill of exceptions shall be tendered to the Court to be signed and sealed, and also requires that counsel shall make oath that the appeal is not taken for delay. There is no bill of exceptions in this record, nor has the required affidavit been made by counsel. The provisions of the Act therefore do no apply.

There being no error in the rulings of the Court below its judgment must be affirmed.

*Judgment affirmed.*

