THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HERMAN J. EMERSON, Appellant.

53 437
34ap209
53h 437
52ad 48
53h 437
57ad424
53h 437
j 71 AD ³142

*Indictment — different crimes may be charged in separate counts — Code of Criminal Procedure, secs. 278, 279, 344.*

Upon an appeal from a judgment of conviction of the defendant upon an indictment containing five counts (two of which were struck out), it appeared that the first count was for keeping a room in a certain building in the city of New York, to be used for gambling purposes; the third was for selling lottery policies, and the fourth for selling papers or writings in the nature of bets or wagers upon the drawing of numbers in a lottery.

*Held,* that a demurrer interposed to the indictment by the defendant, upon the ground that more than one crime was charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure, was properly overruled.

That, assuming that the first count of the indictment charged a crime defined by section 343 of the Penal Code, and the third and fourth counts charged a different crime as defined by section 344 of the Penal Code, the acts complained of simply constituted different crimes, and could be charged in separate counts in one indictment.

An objection was taken to the proof of transactions on days other than the day named in the indictment.

*Held,* that as section 280 of the Code of Criminal Procedure provides that the precise time at which the crime was committed need not be stated in the indictment, the time stated in the indictment was not a necessary ingredient of the offense, and it was not necessary that the proofs given thereunder should conform to it.

APPEAL from a judgment of conviction and the sentence of the defendant by the Court of General Sessions of the city and county of New York, which was rendered on the 14th day of November, 1888, convicting the defendant of the offenses of keeping a gambling house, selling lottery policies, and selling documents in the nature of bets or wagers upon the drawing of numbers in a lottery.

*Howe & Hummel,* for the appellant.

*William T. Jerome,* for the respondent.

VAN BRUNT, P. J.:

The indictment found against the defendant contained five counts. The second and fifth having been withdrawn from the consideration of the jury it will not be necessary to consider them.

The first count was for keeping a room in a certain building in the city of New York to be used for gambling purposes. The third was for selling lottery policies and the fourth for selling papers or writings in the nature of bets and wagers upon the drawing of numbers in a lottery.

Upon being arraigned on said indictment the defendant demurred thereto upon the ground that more than one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure. This demurrer was overruled, and the first question presented upon this appeal is whether or not this demurrer was well taken. Sections 278 and 279 of the Code of Criminal Procedure are as follows:

Section 278. The indictment must charge but one crime and in one form, except as in the next section provided.

Section 279. The crime may be charged in separate counts to have been committed in a different manner or by different means; and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts.

In the case of *Hawker* v. *The People* (75 N. Y., 487) it was objected, upon behalf of the plaintiff in error, that the indictment

was fatally defective because it charged two distinct felonies, one under the first section and one under the third section of the statute. The court says : " This objection is not well founded. All the counts are under the same statute and relate to the same transaction. In such a case it matters not that the offense alleged to have been committed is charged in different ways in several counts for the purpose of meeting the evidence that may be adduced. And it matters not that the offenses alleged in the different counts are of different grades and call for different punishments. (*People* v. *Rynders*, 12 Wend., 425 ; *People* v. *Baker*, 3 Hill, 159; *People* v. *Costello*, 1 Denio, 83 ; *Taylor* v. *People*, 12 Hun, 213; *Regina* v. *Trueman*, 8 Car. & P., 727; Wharton Crim. Law, § 416.) A count for burglary with an attempt to commit larceny may be united with a count for larceny. So burglary and larceny ; rape and assault with intent to commit rape ; larceny and receiving stolen goods ; assault with intent to kill and a simple assault may be united, and it matters not that the offenses thus united call for different punishments. In *People* v. *Baker* there were three counts ; one for receiving stolen goods, one for burglary and one for grand larceny, and the indictment was held good.

" So long as all the counts relate to the same transaction, as in this case, there can be no objection to the union of such counts in the same indictment."

By the use of the words " same transaction " the count does not mean nor does the statute mean the same acts ; but the same series of acts, which when completed culminate in the crime or crimes for which the indictment is found, is intended.

In the case at bar, the proof that the defendant kept a room did not either prove him guilty of any offense or tend to do so, but the further proof that he did the acts charged in the third and fourth counts of the indictment tended to prove him guilty of the crime charged in the first count, viz. : That he kept this room to be used for gambling purposes. Thus this proof, if it did tend to prove the defendant guilty of different offenses, related to one series of transactions culminating in the crimes charged in the first, third and fourth counts of the indictment.

Thus, assuming that the first count of the indictment charged a crime defined by section 343 of the Penal Code, and the third and

fourth counts charged a different crime as defined by section 344 of the Penal Code, the acts complained of simply constituted different crimes and could be charged in separate counts in one indictment. But it does not necessarily follow that by the first count of the indictment a crime under section 344 of the Penal Code was not charged. It is true that the language of section 343 is followed in the indictment, but so much of such language as is used distinctly charges a crime under section 344. The indictment is that the defendant kept a room to be used for gambling purposes, and a person who keeps a place for gambling or allows a room to be used for gambling is guilty of an offense under section 344. If a person keeps a room for gambling purposes, he keeps a place for gambling and allows its use for that purpose and seems to be guilty of an offense under section 344. The objection taken by demurrer seems, therefore, to have been properly overruled.

The next objection is as to the proof of transactions on days other than the day named in the indictment.

Section 280 of the Code of Criminal Procedure provides that the precise times at which the crime was committed need not be stated in the indictment. Hence the precise time is not a necessary ingredient of the offense, and it is the well settled rule that the time and place where the crime was committed should be stated with certainty in the indictment, but it is not necessary to prove them as stated unless they are necessary ingredients in the offense. (2 Hawks P. C., ch. 46, § 170 ; 1 Hale P. C., 361 ; 1 Arch. Crim. P., 85 ; *Com.* v. *Harrington,* 3 Pick., 26 ; *People* v. *Stocking,* 50 Barb., 573.)

In the case at bar it was immaterial whether the crime was committed on the eighteenth of January or the first of January, or any intermediate day, and hence the proof was competent. (*Regina* v. *Firth,* 11 Cox C. C., 234.) None of the other exceptions taken in the case seem to require special notice.

The conviction should be affirmed.

MACOMBER, J., concurred; BARTLETT, J., concurred in result.

Conviction affirmed.