PEOPLE v. CROTTY.

(*Supreme Court, General Term, Fourth Department.* February 15, 1890.)

1. CRIMINAL LAW—JURISDICTION—CRIME COMMITTED IN TWO COUNTIES.
   Under Code Crim. Proc. N. Y. § 134, providing that "when a crime is committed partly in one county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county," where defendant promised in O. county to marry a woman, and on the same day went into J. county with her, and seduced her there under such promise, the grand jury of J. county has jurisdiction.

2. SAME—INDICTMENT—SEVERAL CRIMES.
   Under Pen. Code N. Y. § 282, subd. 2, declaring that "a person who * * * inveigles or entices an unmarried female, * * * of previous chaste character, into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse," is guilty of abduction, and section 284, making penal the seduction, under promise of marriage, of an unmarried female of previous chaste character, an indictment which charges in several counts (1) that defendant in J. county seduced a certain woman under a promise of marriage; (2) that in O. county defendant promised to marry said woman, and on the same day seduced her, under such promise, in J. county; and (3) that defendant enticed said woman from O. county to J. county for the purpose of prostitution,—states acts that "may constitute different crimes," within Code Crim. Proc. N. Y. § 279, providing that, where "the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

Appeal from court of oyer and terminer, Oswego county.

An indictment against Alfred M. Crotty charged in three counts (1) that defendant, under promise of marriage, seduced a certain woman at Watertown, in Jefferson county; (2) that at Oswego, in Oswego county, defendant promised to marry said woman, and that, under such promise of marriage, defendant had intercourse with her, and seduced her, at Watertown; and (3) that defendant enticed and inveigled said woman to go with him from Oswego to Watertown for the purpose of prostitution and sexual intercourse. The indictment was demurred to on grounds as follows: "(1) That the grand jury by which the said indictment was found had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of Oswego county; (2) that more than one crime is charged in the indictment, within the meaning of sections 278 and 279 of the Code of Crim. Procedure." The demurrer was sustained, and the people appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Merrick Stowelck*, Dist. Atty., for the People. *S. B. Mead*, for respondent.

HARDIN, P. J. 1. Upon an inspection of the indictment, we are of the opinion that the grand jury of Oswego county had jurisdiction to find the indictment in question. By section 134 of the Code of Criminal Procedure, it is provided as follows: "When a crime is committed partly in one county and partly in another, or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, the jurisdiction is in either county." *People.*v. *Dimick,* 41 Hun, 633.

2. Section 278 of the Code of Criminal Procedure lays down a rule that "the indictment must charge but one crime and one form, except as in the next section provided;" and section 279 is as follows: "The crime may be charged in separate counts to have been committed in a different manner or by different means; and, where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." By section 284 of the Penal Code, it is provided, viz.: "A person who, under the promise of marriage, seduces and has sexual intercourse with an unmarried female of previous chaste character is punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both." By section 282 of the Penal Code, it is provided, viz.. "A person who * * * [subdivision 2] inveigles or entices an unmarried female, of previous chaste character, into a house of ill fame or of assignation, or elsewhere, for the purpose of prostitution or sexual intercourse, * * * is guilty of abduction, and punishable by imprisonment for not more than five years, or by a fine of not more than one thousand dollars, or by both." From an inspection of the indictment, we think "the acts complained of may constitute different crimes;" and therefore, within the provisions of section 279 of the Code of Criminal Procedure, "such crimes may be charged in separate counts." It is quite manifest, from an inspection of the indictment, that the acts and circumstances referred to in the different counts of the indictment relate to the same transaction; and we may appropriately repeat the language of TALCOTT, J., in *Taylor* v. *People,* 12 Hun, 217, where he says, viz.: "Manifestly, but one transaction is intended to be described in all the counts contained in this indictment." In *People* v. *Menken,* 3 N. Y. Crim. R. 233, we held, viz.: "The indictment may state the acts constituting the crime in different counts, appropriate to meet the evidence which may be presented on the trial." In *People* v. *Lenhardt,* 4 N. Y. Crim. R. 317, it was held that, "under section 279, Code Crim. Proc., two distinct misdemeanors, *e. g.,* conspiracy (Pen. Code, § 168, subd. 5) and coercion, (section 653, subd. 3,) may be set up in different counts of the same indictment, wherein the acts complained of in each case are the same, and constitute the different crimes." In *People* v. *Callahan,* 29 Hun, 580, it was held "proper to join in an indictment two counts,—one charging robbery, and the other larceny,—where each charge is founded upon the taking of the same articles of personal property from the same person, at the same time and place; one charging it to have been taken with, and the other without, violence to the person of the owner." And, in speaking of the indictment in that case, SMITH, J., said: "It is to be inferred, from the identity of description, time, and place, that the two counts referred to one and the same transaction." By an inspection of the different counts of the indictment of the case in hand, we are of the opinion that the indictment refers to one transaction, and that the case falls within the provision of section 279 of the Code of Criminal Procedure, which provides that, "where the acts complained of may constitute different crimes, such crimes may be charged in separate counts." *People* v. *Infield,* 1 N. Y. Crim. R. 146; *People* v. *Cole,* 2 N. Y. Crim. R. 108.

We think the decision of the oyer and terminer of Oswego county, and the judgment entered thereon, should be reversed, and the demurrer overruled, "with the liberty to the defendant to plead to the indictment; and, in the event of his failing to do so, a plea of 'not guilty' must be entered, as pro-

vided by section 330 of the Code of Criminal Procedure." See *People* v. *Cole, supra.* Order and judgment reversed and demurrer overruled, with liberty to the defendant to plead, and the clerk directed to enter judgment, and remit a certified copy thereof, with the return and decision of this court, to the court of oyer and terminer of Oswego county, pursuant to sections 247 and 248 of the Code of Criminal Procedure.

MERWIN, J., concurs. MARTIN, J., concurs in result.