PEOPLE *v.* ROSE.

*(Superior Court of Buffalo, Trial Term.   May 10, 1891.)*

1. INDICTMENT—DESCRIPTION OF OFFENSE—JOINDER OF COUNTS.
   The first count of an indictment for burglary in the third degree alleged that defendant committed the offense charged in E. county on a certain day, by entering the building of one H., in which was kept certain property of one B., with intent to steal such property.  The second count alleged that defendant committed petit larceny "on the day and in the year aforesaid * * * in the county of E.," by taking certain property belonging to B. from the possession of H.  The third count alleged that defendant received similar property, knowing it to have been stolen, on the day and in the county first alleged, being the property of and stolen from B.  *Held,* that such allegations showed that the offenses charged arose out of the same transaction, and were properly charged in separate counts in the same indictment, under Code Crim. Proc. N. Y. § 279, which provides that, "where the acts complained of may constitute different crimes, such crimes may be charged in different counts."

2. CRIMINAL LAW—JURISDICTION—SEVERAL DEGREES OF CRIME.
   Where an indictment, in separate counts, charges burglary and petit larceny with respect to the same transaction, and the court has jurisdiction of the charge of burglary, it may also try the charge of petit larceny, though it would not have had jurisdiction to try a charge of petit larceny as a first offense; the burglary and petit larceny being different degrees of the same offense.

Edward W. Rose was indicted for burglary, petit larceny, and receiving stolen goods, and he demurs to the indictments.

*G. T. Quimby,* for the People.   *Armstrong & Witcher,* for defendant.

HATCH, J.   The defendant is arraigned upon two indictments, and files a demurrer to each.   The first charges the defendant, in separate counts, with the crime of burglary, third degree, petit larceny, and receiving stolen property, respectively.   The second charges the defendant with the crime of burglary, third degree, and petit larceny, stated in separate counts.   The demurrers are alike in each case, and the grounds specified are—*First,* that more than one crime is charged; *second,* that the court in which the indictment was found had no jurisdiction of the crime alleged in the second count, and that this court is without jurisdiction to try the same.   The third ground is like the second, except that it refers to the third count.   The indictments were found in the court of oyer and terminer, and sent to this court for trial.   No complaint is made but that the count alleging burglary is good in all respects; but the claim is that the court has no jurisdiction of the crime of petit larceny, and that said crime, as well as the count alleging the crime of receiving stolen property, is improperly joined with the count charging burglary.   It is well settled that an indictment may embrace a count charging a felony, and also a count charging a misdemeanor, when the misdemeanor is a degree of the felony charged, or when the facts constituting the crime alleged arose out of the same transaction.   *People* v. *Emerson,* 6 N. Y. Supp. 274; *State* v. *Lincoln,* 49 N. H. 464; *Stevens* v. *State,* 66 Md. 202, 7 Atl. Rep. 254.   It is equally well settled that counts charging burglary, larceny, and receiving stolen property are properly joined in one indictment where the offenses so alleged relate to the same transaction.   *People* v. *Baker,* 3 Hill, 159; *Hawker* v. *People,* 75 N. Y. 487.   It is no objection that such counts constitute different grades of offense, and call for the imposition of different penalties.   The distinction made in pleadings of this character seems to be that, when the offenses alleged are for different and independent felonies, then the joinder is bad, and an attempt to try in one indictment, for such separate offenses, will not be permitted; but where the different offenses

charged in the separate counts arose out of the same transaction, and are so charged, or from the allegations it may be fairly inferred that they relate to but one offense, then the allegations and different counts are to be treated as allegations calculated to meet defects in the evidence, and are properly joined. *Taylor* v. *People*, 12 Hun, 212; *People* v. *Emerson, supra.* Sections 278, 279, Code Crim. Proc., have not changed this rule of pleadings, but continued it. *People* v. *Callahan*, 29 Hun, 580; *People* v. *Infield*, 1 N. Y. Crim. R. 146. It may be conceded that standing alone, as an independent offense, this court would have no jurisdiction to try a charge of petit larceny alleged as a first offense; but when it is coupled with a count charging a crime of which the court has jurisdiction, and it is a degree of such crime or arose out of the same transaction, then the court has jurisdiction to try, and the allegation is proper. It is, however, insisted that the allegations of this indictment do not show that the counts of petit larceny and receiving stolen property arose out of the same transaction. It is quite true that there are no words used showing that the two counts arose out of the same transaction, and the pleading is fairly open to this criticism. The lack of such allegation is not to be commended, and good pleading requires the insertion of words expressive of the fact. We are therefore relegated to the consideration whether, upon the face of the indictment, the allegations fairly show that it relates to the same transaction, and constitutes really but one offense. The count charging burglary in the third degree alleges that the offense was committed in the county of Erie on the 28th day of December, 1890, by entering the building of Robert Hague, in which was kept certain property of Myron S. Ballen, with intent feloniously to take, steal, and carry away such property. The second count charges the defendant with the commission of petit larceny committed "on the day and in the year aforesaid, * * * in the county of Erie, with intent to defraud the true owner, took certain articles of personal property belonging to Myron S. Ballen from the possession of Robert Hague." The third count alleges the receiving of precisely similar property, knowing it to be stolen, on the date and in the county first alleged, being the property of and stolen from Myron S. Ballen. I think the fair inference arising from these allegations shows that the offenses alleged related to one and the same transaction, and were intended to charge but one offense; that the pleader, to meet any variance of proof, has made the allegations to that end. This is supported by the authorities. In *People* v. *Callahan*, 29 Hun, 580, Judge SMITH said: "It is to be inferred from the identity of description, time, and place that the counts referred to are one and the same transaction." If such inference appear with reasonable clearness, it satisfies all the requirements. *People* v. *Rose*, 4 N. Y. Supp. 787; *People* v. *Crotty*, 9 N. Y. Supp. 937. In California, where the section of the Code is similar to ours, the supreme court held, in a like case, that the identity of the transaction was sufficiently apparent where the second count of the indictment referred to the same time and gave the same names as to person and house. *People* v. *Thompson*, 28 Cal. 214. These views lead to the conclusion that the demurrers must be overruled, and the defendant directed to plead to the indictment.