## EL PUEBLO v. GARCÍA.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 463.—Resuelto en octubre 31, 1912.

DERECHO PENAL—SEDUCCIÓN—ELEMENTOS DEL DELITO DE SEDUCCIÓN.—Para que exista el delito de seducción es necesario además de la promesa de matrimonio que haya contacto carnal fundado en dicha promesa. Tampoco el acto carnal por si solo constituye dicho delito sino existe también la promesa del matrimonio.

ID.—SEDUCCIÓN — DISTRITO DONDE SE CONSUMÓ EL DELITO — JURISDICCIÓN.— Cuando, como en el caso de autos, la promesa de matrimonio se hace en un distrito, y el acto carnal se ejecuta en el otro, la corte de distrito del distrito en donde se ejecutó el acto carnal, o sea en donde quedó consumado el delito de seducción, es la que tiene jurisdicción para conocer de la causa, y por lo tanto la sentencia condenatoria dictada por la corte de distrito del distrito en donde se hizo la promesa de matrimonio es nula por carecer de jurisdicción dicho tribunal.

MOCIÓN SOBRE SUSPENSIÓN DE SENTENCIA—FALTA DE JURISDICCIÓN.—Cuando en un caso de seducción, de la prueba practicada en el juicio resulta que la corte de distrito que conoce del caso no tiene jurisdicción, porque el acto carnal se ejecutó en otro distrito distinto, el acusado puede, antes de que se dicte sentencia, presentar una moción sobre suspensión de sentencia, fundada en la falta de jurisdicción del tribunal sentenciador, sin que pueda estimarse que el acusado había renunciado a impugnar la jurisdicción del tribunal.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Muñoz Morales.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

En este caso el acusado fué procesado por el delito de seducción. Hizo la alegación de "no culpable" y se celebró el juicio el día 23 de abril último en la forma ordinaria. Se sometió el caso al tribunal de derecho, y después de oirse las pruebas la corte declaró al acusado culpable, señalando el día 26 del mismo mes para el pronunciamiento de la sentencia. En ese día, y antes de que se dictara sentencia, el acusado presentó una moción para que se suspendiera el pronunciamiento de la sentencia, fundada en la alegación de que la corte carecía de jurisdicción del caso por haberse consumado el delito en el distrito judicial de San Juan, y nó en el de Guayama, y la cuestión referente a jurisdicción no se había promovido anteriormente, pues se fundaba en hechos que se desarrollaron durante el curso del juicio. Aparece que si bien la promesa de matrimonio se hizo en Cayey que está comprendido en el distrito judicial de Guayama, el acto carnal, sin embargo, se realizó en la ciudad de San Juan, fuera de dicho distrito judicial. La corte sentenciadora desestimó la moción sobre suspensión de la sentencia, y el acusado presentó una moción de nuevo juicio que fué también denegada. El acusado no interpuso apelación contra la orden desestimando la moción de nuevo juicio, sino que apeló contra la propia sentencia. En 29 de abril de 1912, el acusado fué condenado a sufrir tres años de pr _____ con trabajos forzados y al pago de las costas. Contra esta sentencia fué que se interpuso el recurso de apelación.

El Sr. Muñoz Morales compareció ante la corte en representación del apelante, presentó un alegato e informó oralmente fundándose en el punto de que el delito no se consumó en el distrito judicial de Guayama, y por consiguiente que la corte sentenciadora carecía de jurisdicción. El Fiscal parece estar conforme en cuanto a esta alegación con el abogado del apelante. Sin embargo, cita un caso de Nueva York,

el de *The People* v. *Crotty,* 9 N. Y. Supp., 937, en el que se resolvió que un caso como ese puede seguirse, juzgarse y resolverse en cualquiera de los distritos, pero llama la atención con respecto al hecho de que esta sentencia se fundó en un estatuto especial del Estado de Nueva York, y que nosotros no tenemos semejante estatuto en Puerto Rico. También cita el Fiscal el artículo 8°., de nuestro Código de Enjuiciamiento Criminal, alegando que ésta es la única legislación que tenemos sobre la materia, en donde se dice que la jurisdicción en cuanto a un delito reside en la corte de distrito del distrito en que el delito ha sido cometido.

La cuestión que surge en este caso es si el delito se cometió o nó en Cayey o en San Juan. Para que se complete el delito es necesario no solamente que exista la promesa de matrimonio, sino que haya contacto carnal fundado en esa promesa. Puede ciertamente decirse que el delito no se ejecuta enteramente y no puede considerarse así hasta que el acto carnal se realiza, pero es asimismo cierto que el delito de seducción no quedaría completamente realizado por el acto carnal sin que exista la promesa de matrimonio. Surge, por tanto, la cuestión con respecto a donde debe ser el verdadero lugar y jurisdicción en este caso.

Según expresó el Lord Presidente Hale, según la ley común, cuando se asesta un golpe mortal en un condado y la víctima muere en otro, se consideraba que el delito se había cometido en el condado en donde se dió el golpe, siendo la muerte simplemente una consecuencia de dicho golpe. (*Ball* v. *United States,* 140 U. S., 134.)

Se dispone en la Constitución de los Estados Unidos y en la de varios Estados, que en todas las causas criminales el acusado tendrá el derecho de ser juzgado en el Estado y distrito en que se haya cometido el delito, pero existen muchos estatutos que disponen que cuando un delito en violación de la ley se inicia en un distrito y se termina en otro, se considerará que ha sido cometido en cualquiera de los dos, y

puede considerarse, juzgarse, resolverse, así como ser castigado en cualquier distrito, de igual modo que si real y totalmente hubiera sido cometido allí. (Estatutos Revisados de los Estados Unidos, art. 731.)

Y se ha resuelto que el delito de proponer a un administrador de correos que haga un contrato mediante el pago de cierta cantidad, por medio de una carta echada al correo en un distrito y dirigida al administrador de correos de otro distrito, induciéndole a que infrinja sus deberes oficiales, es un delito que puede ser juzgado en el distrito en que reside el administrador de correos que recibe la carta. (*In re* Palliser, 136 U. S., 257.)

Este caso se cita con aprobación en el caso de Ball a que se ha hecho referencia anteriormente, y también en los de *Horner* v. *U. S.,* 143 U. S., 214 y *Dealey* v. *U. S.,* 152 U. S., 546.)

Pero todos estos casos, al igual que el de Crotty arriba mencionado, fueron juzgados y resueltos con arreglo a estatutos especiales y sólo nos queda tomar en consideración los principios generales en la resolución del caso que ha sido sometido a nuestra consideración.

Podemos volver al hecho de que en nuestro Código de Enjuiciamiento Criminal, artículo 8°., anteriormente citado, se emplea la palabra "jurisdicción," y no "lugar del juicio," y a la corte de distrito del distrito en que el delito ha sido cometido, se le confiere jurisdicción para conocer de la causa. El delito de seducción en este caso no fué ciertamente terminado en el distrito de Guayama, sino que dicho delito se consumó en el distrito judicial de San Juan, según aparece de las declaraciones contenidas en los autos. Por esta razón la Corte de Distrito de San Juan tenía jurisdicción del delito con arreglo a nuestro Código de Enjuiciamiento Criminal y *no* la Corte de Distrito de Guayama. Este aspecto del caso no se desarrolló hasta que se prestaron las declaraciones, y cuando el acusado hizo la moción sobre suspensión de la sen-

tencia dictada, fundada en la falta de jurisdicción de la corte sentenciadora, estaba aún dentro de tiempo suficiente para alegar sus derechos y no había renunciado ninguno de los mismos. En resumen, si la Corte de Distrito de Guayama no tenía jurisdicción del caso, la sentencia dictada por dicha corte fué nula y de ningún valor y debió haber sido anulada por esta corte, aun cuando ninguna moción se hubiera hecho en la corte inferior, y al haberse negado el juez sentenciador a conceder dicha moción para impedir que se dictara la sentencia, cometió error, siendo éste en realidad el único error que se alegó haberse cometido en esta causa, el cual debemos considerar como fatal.

Por consiguiente, no teniendo jurisdicción sobre el caso sometido a nuestra consideración la Corte de Distrito de Guayama, la sentencia dictada por dicha corte el día 29 de abril de 1912, debe dejarse sin efecto y desestimarse la acusación.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.