**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3212
_____

In re: MICHELLE A. VEALE,
Debtor

STRATEGIC FUNDING SOURCE, INC.,
Appellant

v.

MICHELLE A. VEALE
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1-21-cv-01751)
District Judge: Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
December 6, 2023

Before:  SHWARTZ, CHUNG, and McKEE, *Circuit Judges.*

(Opinion filed January 24, 2024)[*]
_____

McKEE, *Circuit Judge.*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2018, Strategic Funding Source, Inc. ("Strategic") sued Michelle Veale, the Debtor, for repayment of a $230,000 loan at 39% interest in a Virginia State Court. The loan was provided to her now defunct business, Retro Home Health Care Services ("Retro"), and Veale personally guaranteed the loan. As a result of the Virginia lawsuit, Strategic obtained a default judgment against Veale. In 2021, Veale filed for personal bankruptcy. Strategic filed a complaint in Bankruptcy Court arguing that Veale should not be allowed to discharge the guarantee pursuant to 11 U.S.C. §§ 523(a)(2), (4), or (6).

The Bankruptcy Court dismissed the complaint with prejudice, finding that the complaint failed to allege plausible claims for non-dischargeability. The Bankruptcy Court then denied leave to amend based upon its conclusion that the "factual allegations evince[d] a business loan that went sour, nothing more."[1] In a well-reasoned and thorough opinion, the District Court affirmed.[2] Strategic now appeals the Bankruptcy Court's dismissal to us, repeating almost verbatim the arguments that the District Court rejected.[3] Although Strategic argues that both the Bankruptcy Court and the District Court failed to accept Strategic's allegations as true and draw reasonable inferences in its favor, we disagree.[4]

---

[1] *Strategic Funding Source, Inc. v. Veale (In re Veale)*, No. 21-10418-BLS, 2021 WL 5614923, at *10, n.70 (Bankr. D. Del. Nov. 30, 2021).
[2] *In re Veale Strategic Funding Source v. Veale*, No. 21-10418-BLS, 2022 WL 14760676 (D. Del. Oct. 25, 2022).
[3] Strategic has since dropped the argument that the loan should not be discharged under 11 U.S.C. § 523(a)(4).
[4] We have jurisdiction under 28 U.S.C. § 158(d)(1). In reviewing the bankruptcy court's determinations, this Court "review[s] the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998).

The District Court considered the totality of the circumstances alleged and properly concluded that Strategic's allegations did not support a claim under Section 523(a)(2)(A).[5] The District Court correctly concluded that Strategic's complaint did not plead facts that would support an inference that the Debtor made written misrepresentations about her or Retro's financial condition, or that she intended to deceive Strategic in connection with the guarantee under Section 523(a)(2)(B).[6] Strategic's remaining claim pursuant to Section 523(a)(6) is indeed a "stretch,"[7] as

---

[5] Strategic claims that the Bankruptcy Court and District Court "construed reasonable inferences *against* Strategic" in its Section 523(a)(2)(A) analysis, but this is wrong. Appellant Br. at 40 (emphasis in original). Although the District Court noted that it "cannot infer fraudulent intent from conduct that is equally susceptible to a more innocent interpretation," *In re Veale*, 2022 WL 14760676, at *5 (quoting *Deer & Co. v. Contella (In re Contella)*), 166 B.R. 26, 31 (Bankr. W.D.N.Y. 1994) (internal quotation marks omitted)), it was merely trying to make the point that intent may be inferred, but is "never to be presumed." *Pinken v. Frank*, 704 F.2d 1019, 1026 (8th Cir. 1983); *see, e.g.*, *Holden v. Altieri (In re Altieri)*, No. 11-12819 DHS, 2012 WL 3595298, at *4 (Bankr. D.N.J. Aug. 20, 2012) (quoting *Fariana v. Balzano (In re Balzano)*, 127 B.R. 524, 531 (Bankr. E.D.N.Y. 1991)) (dismissing an objection to discharge under 11 U.S.C. § 523(a)(2)(A) where the facts alleged "might suggest that some fraud occurred, [but] nothing in the complaint indicates that the Debtor's failures were the product of a deliberate scheme to defraud as opposed to negligence or poor project management").
        We accept as true that that the Debtor: (i) agreed to repay the loan, but then filed for bankruptcy; (ii) agreed to not use the funds for personal expenses, but made some purchases for fast food, groceries, and hotels, (iii) represented that Retro was in good standing under the laws of the jurisdictions in which it was organized and/or operates, when the business owed money to the Department of Labor, and (iv) stated that all information provided to Strategic under the Loan Agreement and Guaranty was "true, accurate and complete in all respects." Appellant Br. at 34. Combined, and drawing all *reasonable* inferences in the Appellant's favor, these facts do not lead to an inference that the Debtor made them with fraudulent intent when she applied for the loan.
[6] *In re Veale*, 2022 WL 14760676, at *6-8.
[7] A. 254.
        THE COURT: 523(a)(6) is willful and malicious injury.
        MS. BROWN: Correct.

3

Strategic conceded before the Bankruptcy Court.  The District Court correctly noted that "Strategic puts forth no discernible error on appeal."[8]

Finally, we agree with the District Court that even assuming Strategic had properly requested leave to amend—which it had not—amendment would have been futile.  All of the information Strategic seeks to add relates to facts that the District Court had already presumed to be true and considered under the correct standard.  As the District Court recognized, repleading these facts would not have altered the outcome.

As we noted at the outset, Strategic's arguments on appeal basically repeat verbatim the arguments that the District Court thoughtfully considered and rejected.  The Court explained its reasoning in a thorough and well-reasoned opinion. We will affirm the Bankruptcy Court's decision for substantially the same reasons set forth by the District Court in that carefully crafted opinion.

Accordingly, we will affirm the District Court's order affirming the Bankruptcy Court's dismissal of Strategic's complaint, with prejudice.

---

THE COURT: This is a loan. Where do I get a willful and malicious injury?
MS. BROWN: That would be the deliberate, willful attempt by her to defraud the lender. I know it's a stretch --
THE COURT: Yeah.
MS. BROWN: -- Your Honor, but --
THE COURT: Okay. We can move on.
MS. BROWN: I'll concede to that.

[8] *In re Veale*, 2022 WL 14760676, at *9.